LOUISA EASON, Administratrix, *v.* JOSEPH R. BILLUPS, Administrator, ROBERT J. SAUNDERS and others.

A petition to rehear a decree of this Court, when the error complained of is one of fact committed in making an interlocutory order of reference, and in confirming the report made by the commissioner is not strictly a petition to rehear, but may be treated as a motion to set aside the order of reference and the order confirming the report, and the decree made pursuant thereto.

It is error in an order to refer the matters in controversy in a suit without the consent of the parties to the attorney of one of them, it being the same as if the reference were made to the party himself.

The case of *Pearson* v. *Nesbit,* 1 Dev. Rep. 315, cited and approved.

This was a proceeding in the form of a petition to rehear a decree made in favor of the plaintiff against the defendant Robert J. Saunders and others, at the last term of this Court. The petition states among other things that an order had been made at the January Term, 1868, of the Court referring the matters in controversy between the parties to Jonathan W. Albertson, of PERQUIMANS County, for a re-

port; that he made a report and returned it in July, 1869, and that, at the last term, there being no exception to it, it was confirmed and a decree made in accordance with it. The petition states further that Jonathan W. Albertson, the commissioner, who made the report, was the Attorney of the plaintiff and that the decree was injurious to the petitioner. The prayer is for a rehearing of the decree.

*Bragg,* for the petitioner.
*Smith, contra.*

PEARSON, C. J.   This application may be treated either as a petition to rehear, or as a motion to set aside the order of reference and the order confirming the report, and the decree pursuant thereto.

It is not strictly a petition to rehear because no error in matter of law is complained of.   The error is in a matter of fact and relief can be given upon a petition in the nature of a petition to rehear, or upon a motion to set aside the orders and decree; provided a fact existed in the proceeding which was not called to the notice of the Court and which, had it been made known, would have prevented the original order.

It is alleged as a fact and admitted that Jonathan W. Albertson, to whom the order of reference was made, and Jonathan W. Albertson, the Attorney of the plaintiff, is the same person.   So in fact the order of reference was made to the Attorney of the plaintiff and the error is the same as if the reference had been made to the plaintiff himself.

In the absence of any allegation, that the reference was made to Mr. Albertson by the consent of the defendants there is error and the order, &c., must be set aside as of course.

The distinction between a writ of error for matter of law and a writ of error for matter of fact in the procedure of

Courts of law furnishes an analgy. *Pearson* v. *Nesbitt,* 1st Dev. 315, where upon its being made to appear that Jesse A. Pearson, one of the plaintiffs and Jesse A. Pearson one of the defendants was the same person, the Court ordered the judgment to be vacated.

The order and decree complained of, will be set aside. The plaintiff may take an order of reference to W. H. Bagley, Clerk of this Court.

PER CURIAM.                               Decree reversed.