Stebbins *v.* Brown.

## Joseph S. Stebbins *vs.* Elijah Brown.

Where it appeared that while a case was pending before a referee, who was a practising attorney, the plaintiff employed him to prosecute and collect two several demands against other parties, on one of which he brought an action and the other remained in his hands, unprosecuted, at the time he made his report, which was in favor of the plaintiff; *held* that without inquiring whether the decision of the referee was or was not affected favorably to the plaintiff by his retainer in such other matters, the rule should be inflexible that such a retainer by a party would, *ipso facto*, avoid the report of a referee.

On this ground, alone, an order denying the motion of the defendant to set aside the report of the referee was reversed, and the report, and the judgment entered thereon, were set aside and a new trial ordered, with costs.

APPEAL, by the defendant, from an order made at a Special Term denying a motion made by him to set aside the report of a referee, for irregularity.

*Brown & Calvin*, for the appellant.

*L. S. Chatfield*, for the respondent.

*By the Court*, DAVIS, J.   This is an appeal from an order made at Special Term, by Justice Cardozo, denying a motion to set aside the report of the referee.

The report is in favor of the plaintiff. It appears that while the case was pending before the referee, who was a practising attorney, the plaintiff employed him to

Stebbins *v.* Brown.

prosecute and collect two several demands against other parties, on one of which he brought suit, and the other remained in his hands unprosecuted at the time the report was made. The referee had not been the attorney or counsel of the plaintiff prior to his appointment as referee in this action.

The court does not deem it important to inquire whether the decision of the referee was or was not affected favorably to the plaintiff by his retainer in the matters above mentioned, for we regard such an inquiry as immaterial. We deem it our duty to place our decision upon the unquestioned fact, that while the referee was acting in the trial of this action as an officer of the court, he accepted the retainer of the plaintiff and became, in respect to other matters, his attorney and counsel.

The rule should be inflexible, that such a fact will, *ipso facto*, avoid the report of a referee. No other rule will protect the referee from the approach of temptation, or shield the administration of justice from the suspicion of impurity.

On this ground, alone, the order of the court below should be reversed, and the report of the referee, and the judgment entered thereon, be set aside, and a new trial ordered, with costs of the motion and of this appeal.

[FIRST DEPARTMENT, GENERAL TERM, at New York, March 3, 1873. *Ingraham* and *Davis*, Justices.]