RALPH W. CARROLL AND OTHERS, APPELLANTS, *v.* JOHN LUFKINS AND OTHERS, RESPONDENTS.

JAMES E. GALLAGHER AND OTHERS, APPELLANTS, *v.* JOHN LUFKINS AND OTHERS, RESPONDENTS.

*One should not act as a referee in a case in which the attorney who appears for one of the parties is at the same time acting as referee in another case in which the first named referee is an attorney for one of the parties — waiver of objection — what constitutes.*

Where it is shown that each of two attorneys (appearing, respectively, for different parties interested in two different actions, in each of which a reference has been ordered) has the cause of the client of the other in his hands to decide as a referee, a due regard for judicial propriety and for the pure administration of justice requires that upon the application of the opposing party in either action, made in due season and under circumstances showing that he has not waived his right to object, the court should vacate the reference and set aside the report, if one has been made.

The question whether or not the referee has been influenced, or is likely to be influenced, by the relation adverted to is immaterial.

A party cannot however, after having permitted the reference to proceed and taken the chance of success, with full knowledge of the existence of the relation, move to set aside an adverse report upon that ground.

APPEAL from an order of the Cattaraugus Special Term, denying a motion on the part of the plaintiffs in each of the above entitled actions to set aside the referee's report in said actions.

*George H. Phelps*, for the appellants.

*Mr. Rumsey*, for the respondents.

SMITH, P. J.:

The two actions were tried by the same referee, Mr. E. D. Loveridge, of Cuba. The attorneys of record, of the only two defendants who appeared in either of the actions, were Messrs. Cary, Jewell and Rumsey, of Olean. Each case was decided in favor of the defendants. The grounds of the motion are, first, that while the cases were pending before the referee, Mr. Cary, one of the defendants' attorneys, was acting as referee in two other cases in which Mr. Loveridge was attorney, and secondly, that the referee in the cases before us decided corruptly.

In regard to the latter charge, there is not a particle of evidence to sustain it. The allegations in the moving affidavits, relied upon to support the charge of corrupt and collusive conduct, so far as they consist of averments of fact, are overwhelmingly contradicted by the opposing affidavits, and so far as they consist of inferences and suspicions, as they do for the most part, the circumstances on which they rest, are satisfactorily explained or denied.

The only question, therefore, is whether the fact of the existence of mutual, cotemporaneous references, as above stated, requires that the reports should be set aside. I am not aware that the precise question has been decided, but upon principle and in accordance with repeated decisions in analogous cases, it seems to me that where it is shown that each of two attorneys in different actions has the cause of the client of the other in his hands to decide as a referee, a due regard for judicial propriety and for the pure administration of justice requires that upon the application of the opposing party in either action, made in due season and under circumstances not amounting to a waiver, the court should vacate the reference and set aside the report, if one has been made. The question whether the referee has been influenced, or is likely to be, by the relation adverted to, is immaterial. He may be affected by it unconsciously, and the rule suggested should prevail if for no other reason than to protect referees from temptation and the suspicion of having been influenced by improper motives. (See *Yale* v. *Gwinitz*, 4 How., 253; *Dorlon* v. *Lewis*, 9 id., 1; *Gray* v. *Fisk*,

42 id., 135; *Livermore* v. *Bainbridge*, 44 id., 357; *Stebbins* v. *Brown* (65 Barb., 272).

·But, as above suggested, the objection growing out of the existence of such a relation between the referee and the opposing attorney may be waived. A party knowing it has no right to lie by, and move to set aside an adverse report upon that ground alone, after permitting the reference to proceed and taking the chance of success. The plaintiffs in these cases are in that position. The cases were referred to Mr. Loveridge, 2d December, 1881, with the consent of the attorneys of both parties. He made his report on the 30th of March, 1882. The affidavits show that the attorney for the plaintiffs herein knew, as early as the third of March, that the Cranston case had been referred to Mr. Cary. As to the other case, the attorney states in his affidavit that it was referred to Mr. Cary over six months prior to the date of the affidavit, which was sworn to on the first of April, 1882. The statement is made by him, not on information and belief, but positively as of his own knowledge. Inferentially he knew of the pendency of the reference all that time, he not alleging to the contrary, although he takes pains to say that he did not know when the reference was ordered. It was, in fact, ordered in 1879.

The plaintiffs' attorney attempts to excuse his delay after the third of March, by saying that it was at the request of Mr. Henderson, the plaintiffs' counsel in the Cranston suit, but that is denied by Mr. Henderson. If the attorney knew of the pendency of one of the references to Mr. Cary when he consented to refer these cases to Mr. Loveridge, that is a defense to the motion. If he did not know of that fact then, he certainly knew of the Cranston reference as early as the third of March. He might, at any time after that, have given notice of motion to vacate the order of reference to Mr. Loveridge and ;have procured a stay of proceedings, but having neglected to do so, and having waited till he found out that the report was against him, he was too late.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN, J., concurred; BARKER, J., not sitting.

So ordered.