(42 Misc. Rep. 1.)

CRONON v. AVERY et al.

(Supreme Court, Special Term, Onondaga County. November, 1903.)

1. REFERENCE—REPORT—SETTING ASIDE.

After an attorney for defendant had appeared before a referee, the firm of which the referee was a member before he had made his report, and three years later, consented, with the other attorneys, that such attorney of defendant be appointed to take testimony and report on a cer-

tiorari which the firm had procured to review an assessment unfavorable to a client of theirs. The referee reported on the certiorari after the referee in the action had reported in favor of the defendants. *Held*, that a motion to set aside the report of the referee would be granted on the ground of public policy.

Action by Emily Cronon against Charles A. Avery and others. Motion to set aside report of referee and judgment entered thereon. Application granted.

A. B. Rider and Louis L. Waters, for motion.

A. D. Merry and Wm. G. Tracy, opposed.

ANDREWS, J. On April 3, 1897, by an order of this court, a referee was appointed to hear, try, and determine the issues in the above action. Hearings were thereafter had, and the evidence was substantially closed on December 9, 1897. The defendants were represented by several attorneys, and among them Mr. A. D. Merry; the latter, however, taking but a small share in the actual trial of the case. Early in 1898 the referee became ill, and was unable to continue the reference for something over three years. Having regained his health, the case was finally submitted to him on January 9, 1901, and on March 19, 1901, he made a report in favor of the defendants. In September, 1900, a proceeding was begun by the firm of which the referee was a member to review by certiorari an assessment made by the assessors of the city of Oswego upon the property of the Oswego Traction Company. Of this company he was also president. Upon the 22d, upon the consent of the attorneys, Mr. A. D. Merry was appointed a referee to take the evidence in the matter, and to report the same to the court, with his conclusions. Mr. Merry had no information of his appointment as such referee until the report had been made in the present case, and no hearings were had until after that time. The matter was not seriously contested on behalf of the assessors, and finally his report was made on or about June 26, 1901. Under these circumstances, and based upon these facts, the present motion is made.

No complaint can be made by the plaintiff of the action of Mr. Merry. He certainly could have given no information to Mrs. Cronon of facts not within his knowledge. Nor is there the slightest evidence of any partiality or want of fairness on the part of the referee herein. He is a man of the highest ability, character, and integrity. Probably, at the time of Mr. Merry's appointment, he had no recollection of the Cronon case, or of the fact that he was referee in an action in which Mr. Merry had appeared. He says it never occurred to him that there was any inconsistency or impropriety in his acts. Doubtless he was entirely uninfluenced by the fact that Mr. Merry appeared as referee in a case in which he was interested. Very probably the decision which he reached was correct. Yet all this is beside the question. It is not whether the referee has in fact been improperly influenced. It is not even whether a man of character and standing would be likely to be influenced. But it is whether, from the relationship of the parties or the acts of the referee, the fairness of his decision can be justly questioned. Public policy requires on

the part of referees the avoidance of even the appearance of such relations as might bias the judgment consciously or unconsciously, or swerve in the slightest degree their action. It has been held in this state that attorneys in different actions may not decide, as referee, the cause of the client of the other. Where this is done, and upon these facts alone appearing, upon the application of the opposing party in either action, the court should vacate the reference and set aside the report, if one has been made. The rule is a salutary one, and should be strictly enforced, so as to avoid even the appearance of evil in the administration of the law. So far as this particular case is concerned, it may well be that justice would be served by a denial of the motion. But the result of such a precedent would be pernicious. For this reason, and for this alone, I shall grant the application.

It is true that in the case at bar the second reference was one not to hear and determine, but to take the evidence and report with an opinion. I regard this difference, however, as immaterial, for upon such a reference favorable rulings upon the evidence and a favorable opinion are matters of importance.

There is nothing in this case to show a waiver on the part of the plaintiff of her right to make this application, or such laches as would bar her claim. Nor is there any reason why her application should be granted only upon terms. The case is analogous to one where a verdict is set aside, not for a mistake on the part of the jury, but because of an error committed by the judge. Carroll v. Lufkins, 29 Hun, 17; O'Brien v. Long, 49 Hun, 80, 1 N. Y. Supp. 695; Leonard v. Mulry, 93 N. Y. 392; Burrows v. Dickinson, 35 Hun, 492; Reynolds v. Moore, 1 App. Div. 105, 37 N. Y. Supp. 72; Fortunato v. Mayor, 31 App. Div. 271, 52 N. Y. Supp. 872; Stebbins v. Brown, 65 Barb. 272; Dickinson v. Earle, 35 Misc. Rep. 235, 71 N. Y. Supp. 755.

Ordered accordingly.