EXECUTION (§ 393*)—SUPPLEMENTARY PROCEEDINGS—REFEREE—DISQUALIFICATION.

In supplementary proceedings by a judgment creditor, an attorney who holds an unsatisfied judgment against the debtor should not be appointed referee to take evidence; the case coming within the spirit of General Rules of Practice, rule 79, defining who may be appointed referee.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1146; Dec. Dig. § 393.*]

Appeal from Order of Warren County Judge.

Supplementary proceedings by Clifford W. Higley and another, judgment creditors, against William Novark and another, judgment debtors. From an order refusing to change the referee appointed to take evidence in the proceedings, on the ground that he as attorney has recovered a judgment against the judgment debtors, which remains unpaid, and which he has in his hands for collection, the judgment debtors appeal. Reversed, and matter remitted to the county judge, to name a disinterested person as referee.

See, also, 128 N. Y. Supp. 1127.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Henry W. Williams, for appellants.
Rogers & Sawyer, for respondents.

PER CURIAM. Rule 79 of the general rules of practice prohibits, except as therein mentioned, the appointment of any person as referee for any purpose in an action, unless he is an attorney, and he must not be a partner or clerk of the attorney or counsel of the party in whose behalf such application is made, or in any way connected in business with or occupy the same office with such attorney or counsel.

This case is not within the express language of that rule, but is fairly within its spirit. The object of the rule is to obtain a referee who is competent, and who has no interest adverse to the party brought before him. It is true, as alleged, that the referee in these proceedings

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has but very little to do; but it is unseemly that a creditor should be brought before an officer of the court for examination at the instance of a party seeking to collect a claim, when that officer is also seeking to collect a claim from him. It is unnecessary to consider in what respect the interest of the referee might prejudice the defendant. It is sufficient to say that such an appointment is not in the interest of the due administration of justice.

The order appealed from is therefore reversed, with $10 costs and disbursements to be credited on judgment, and the matter remitted to the county judge to name a disinterested person as referee.