### Elmer W. Pilling *vs.* Clarence M. Benson.

#### NOVEMBER 18, 1912.

Present: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Attorney and Client. Release.*

Where an attorney who had been retained to prosecute plaintiff's claim against defendant, arising out of a collision, accepted a retainer from defendant to defend actions brought against him by others, who were also injured in the same collision, and plaintiff who was ignorant of the fact of such retainer, relying largely upon the advice of his attorney, executed a release to defendant, and settled his claim, the release will not be regarded as representing the real consent of plaintiff and will be held to be invalid.

(2) *Attorney and Client. Release.*

Where a defendant knew that an attorney was acting for the plaintiff in an action against him, and never having retained him before, immediately thereafter employed him to act in defence of other actions pending against defendant, arising out of the same accident, and shortly afterwards a release was procured from plaintiff; irrespective of the good faith of the defendant, he will not be permitted to retain the advantage of a release procured under such circumstances.

(3) *Attorney and Client. Release.*

While the fact that the negotiations leading to the release of plaintiff's claim, were conducted on the part of defendant through the agent of an insurance company with which defendant had a contract for indemnity, bears upon the

question of the good faith of the defendant and of the attorney for plaintiff, it cannot vary the rule arising from the relation of attorney and client under which plaintiff was entitled to a full disclosure of every material fact in the possession of the attorney.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and sustained as to amount of damages.

SWEETLAND, J. This is an action of trespass on the case for personal injuries. The case was tried in the Superior Court before a jury and a verdict was rendered for the plaintiff for four thousand dollars. The justice presiding at the trial denied the defendant's motion for a new trial. Said motion was based upon a number of grounds, the essential ones properly addressed to said justice being that the verdict was contrary to the evidence and that the damages awarded by the jury were grossly excessive. The case is before us upon the defendant's exceptions to certain rulings of said justice admitting testimony at the trial and to the decision of the justice denying the defendant's motion for a new trial.

In his declaration the plaintiff alleged that he was injured by being thrown to the ground from a wagon in which he was riding; and that he was so thrown as a result of a collision between said wagon and an automobile, owned by the defendant, and negligently operated by his servant. It appears from the evidence that said automobile was a taxi-cab, so-called, which the defendant by his servant was operating for hire in the streets of the city of Providence. At a trial of the case in the Superior Court before a jury, the defendant did not question the negligence of his servant or the due care of the plaintiff in the circumstances of the accident; but the defendant based his defense to liability entirely upon a release executed by the plaintiff, delivered to the defendant and the consideration therefor paid by the defendant before the commencement of this action. The consideration of said release was two hundred dollars paid to the plaintiff and the payment by the defendant of twenty-five dollars to the plaintiff's physician, in full compensation

for the services of said physician in treating the injuries of the plaintiff resulting from said accident. The plaintiff alleged in his replication to the plea setting up this release that the consideration of said release was wholly inadequate to compensate him for said injuries; that he gave said release upon the advice and persuasion of an attorney who was acting for him at that time; and that at said time the said attorney, without the knowledge of the plaintiff, was also "acting as the attorney and for the benefit of the defendant and a certain liability insurance company, to the plaintiff unknown, in which at the time of said injuries to the plaintiff the said defendant was insured against damages resulting from such accidents as that to the plaintiff." The defendant joined issue upon this allegation of the replication, and this constituted the principal issue between the parties at the trial. The testimony does not justify a finding that the attorney in question at the time of the execution of said release was acting as attorney for such liability insurance company. In his decision upon the defendant's motion for a new trial, the justice of the Superior Court, presiding at the trial, held that the jury was warranted in finding that said release was executed and delivered by the plaintiff upon the advice of said attorney and that unknown to the plaintiff, said attorney was at that time acting as attorney for the defendant in actions for damages for injuries alleged to have been received as a result of said collision by other persons who were passengers in said automobile or taxi-cab at the time of said collision. For that reason, said justice sustains the finding of the jury that said release was invalid.

(1)　　From an examination of the testimony we are of the opinion that said determination of the justice was without error. The testimony does not show that said attorney was guilty of misrepresentation, fraud or intentional wrongdoing in the matter, that in advising the plaintiff he was consciously influenced by motives hostile to the plaintiff's interests or that he deceitfully neglected to inform the plaintiff of his retainer by the defendant from a wish to

keep the plaintiff ignorant of that fact. The justice presiding at the trial does not sustain the jury's verdict by reason of such conclusion upon the testimony. But in order to determine that said release is invalid it is not necessary to find that said attorney was guilty of actual fraud. The office of an attorney is one of the highest trust. The client who seeks the advice and assistance of an attorney is entitled to place dependence without question upon that attorney's loyalty. The law recognizes this condition to be for the public good; and the law, the standing of the profession and its value to the community, require that no act of the attorney shall be sanctioned which is inconsistent with that relation of trust and confidence. Before the plaintiff acted upon the advice of said attorney and executed said release he should have been informed that said attorney had been retained and was then acting for the defendant, though not in defense of the plaintiff's claim. A knowledge of that fact might have affected very materially the weight which the plaintiff gave to the advice of said attorney in favor of the compromise and release. In *Williams* v. *Reed*, 3 Mason, 405, at 418, Judge Story said: "I agree to the doctrine urged at the bar, as to the delicacy of the relation of client and attorney, and the duty of a full, frank, and free disclosure by the latter of every circumstance, which may be presumed to be material, not merely to the interests, but to the fair exercise of the judgment, of the client. An attorney is bound to disclose to his client every adverse retainer, and even every prior retainer, which may affect the discretion of the latter. No man can be supposed to be indifferent to the knowledge of facts, which work directly on his interests, or bear on the freedom of his choice of counsel. When a client employs an attorney, he has a right to presume, if the latter be silent on the point, that he has no engagements, which interfere, in any degree, with his exclusive devotion to the cause confided to him; that he has no interest, which may betray his judgment, or endanger his fidelity." Although it is argued for the plaintiff that said

attorney was retained by the defendant to defend the suit brought by said passengers before he was employed by the plaintiff to press the plaintiff's claim against the defendant, it is claimed by the defendant on the other hand, that the facts, upon which the jury and said justice found a retainer of said attorney by the defendant, occurred after said employment of said attorney by the plaintiff, although before the execution of the release. It appears from the testimony that the defendant's statement is correct; that after said attorney had undertaken the prosecution of the plaintiff's claim against the defendant, the defendant, knowing the relation between said attorney and the plaintiff, retained said attorney to defend the actions commenced by said passengers; and that later the defendant received said release from the plaintiff who was ignorant of the fact of said retainer, and who had executed said release, relying largely upon the advice of said attorney. The case of *Stebbins* v. *Brown*, 65 Barb. 272, involved a motion to set aside the report of a referee for irregularity. · The report was in favor of the plaintiff. It appeared that while the case was pending before the referee, who was a practicing attorney, the plaintiff employed him to prosecute two demands against other parties. The referee had not been the attorney of the plaintiff prior to said reference. The court said in granting the motion: "The court does not deem it important to inquire whether the decision of the referee was or was not affected favorably to the plaintiff by his retainer in the matters above mentioned, for we regard such an inquiry as immaterial. We deem it our duty to place our decision upon the unquestioned fact, that while the referee was acting in the trial of this action as an officer of the court, he accepted the retainer of the plaintiff and became, in respect to other matters, his attorney and counsel. The rule should be inflexible, that such a fact will, *ipso facto*, avoid the report of a referee. No other rule will protect the referee from the approach of temptation, or shield the administration of justice from the suspicion of impurity."

The principle stated in *Stebbins* v. *Brown* is applicable in the case at bar. The court will not inquire whether the retainer of said attorney by the defendant influenced the attorney's judgment, and affected the advice given to the plaintiff which induced the plaintiff to compromise his claim against the defendant. In the absence of exact information as to the real situation given to the plaintiff before he executed the release, said release may be defended against in this action at law; the court will not consider said release as representing the real consent of the plaintiff; and in the circumstances of this case the court must find said release to be invalid.

(2)    The defendant has urged to us that whatever may be said of the conduct of said attorney, the defendant cannot be affected by the attorney's conduct and the release running to the defendant is valid. To that contention it should be said: the defendant knew that said attorney was acting for the plaintiff in prosecuting his claim against the defendant; the defendant had never before retained said attorney or the firm of which he was a member; the defendant immediately employed the attorney to act in defense of the actions above referred to; and this release was procured a short time after, under the circumstances before stated. Without questioning the defendant's good faith, he cannot be allowed to retain the advantage of the release procured in such circumstances.

(3)    We have not overlooked the fact that the negotiations leading to the compromise and release of the plaintiff's claim appear to have been conducted on the part of the defendant through the agent of an insurance company with which the defendant had some contract for indemnity. The legal liability for the plaintiff's injuries was in the defendant, whatever contract for indemnity the defendant had with said company. The fact just stated bears upon the question of the good faith of the attorney and of the defendant and may exonerate them from the charge of intentional wrongdoing; but it cannot vary the rule, which arises from the

relation of attorney and client, under which the client, before exercising his judgment as in this case on the advice of the attorney, is entitled to a disclosure of every material fact in the possession of the attorney. The decision of the justice of the Superior Court denying the defendant's motion for a new trial is without error so far as said decision relates to liability.

The defendant's exceptions to the rulings of said justice made at the trial admitting certain testimony, are without merit, and are overruled.

We are of the opinion that the damages awarded by the jury were entirely unwarranted by the testimony. They are so excessive that they appear to represent the result of passion and prejudice on the part of the jury towards the defendant. The justice of the Superior Court in his decision on the motion for a new trial, says of the amount of damages given by the jury, that they are higher than he would have awarded "if the question of damages in the first instance had been given to the court." Within a few months after the accident the plaintiff was able to engage in severe physical exertion, doing hard, laborious work, taking part in athletic contests, and in other ways conducting himself in a manner inconsistent with his present claim of physical incapacity. We are strongly of the opinion that the amount of the verdict is unjust and that the question of damages should be submitted to the determination of another jury, unless the plaintiff will accept a judgment for one thousand dollars. All of said verdict above the sum of one thousand dollars we adjudge to be excessive.

The defendant's exception to the decision of said justice denying the motion for a new trial is sustained so far as said exception relates to the refusal of said justice to grant a new trial on the ground that the damages awarded by the jury are excessive and unjust.

The case is remitted to the Superior Court for a new trial upon the question of the amount of the plaintiff's damage, unless on or before November 25th, 1912, the plaintiff shall

file in the clerk's office of the Superior Court his remittitur, in which he shall remit all of said verdict in excess of one thousand dollars. In case the plaintiff shall file such remittitur, the Superior Court is directed to enter judgment for the plaintiff in the sum of one thousand dollars.

*James A. Williams,* for plaintiff.
*Boss & Barnefield,* for defendant.