## 10065

### MURCHISON NAT. BANK v. REYNOLDS *ET AL.*

#### (96 S. E. 521.)

1. Infants—Necessity of Guardian Ad Litem.—An order of reference in a cause to which an infant was a party, and not properly before the Court because notice of application for appointment of guardian *ad litem* was not served on him, was voidable as to the infant, whether his infancy was known to plaintiff or not, although, after the order of reference, guardian *ad litem* was appointed on the infant's petition and appeared in the cause.

2. Infants — Appeal — Preservation of Exceptions — Guardians Ad Litem.—The objection that notice of application for appointment of guardian *ad litem* for infant defendant over 14 was not served on the infant may be raised by him on appeal, though not raised in the Court below, where he was represented by a guardian *ad litem* later appointed on his own petition.

3. Reference—Referee—Qualifications.—One who had been attorney for a judgment creditor, and whose judgment it was sought to enforce by a reference, could not act as referee.

Before Spain, J., Darlington, Summer term, 1917. Reversed.

Action by the Murchison National Bank against J. B. Reynolds and others. From order of reference after judgment for plaintiff, defendants, Ernest Clifford Reynolds and others, appeal.

*Messrs. Miller & Lawson,* for appellants, submit: *That any order referring a cause to an attorney, who had been counsel in the cause, is in violation of the law:* Constitution of 1895, article V, section 6. *The order of reference made before defendants had answered, was premature, and should have been set aside for mistake:* 105 S. C. 139; 27 S. C. 622; 3 S. E. 80; 32 S. C. 285. *Appellants are not concluded by consent of an attorney, when that consent was obtained upon a condition against public policy and void:* 94 S. C. 52-54; 85 S. C. 227. *The appointment of a guardian ad litem for the appellants, Asa Reynolds, Inez Reynolds and Rita Reynolds, was fatally defective, because no notice of the applica-*

*tion for the appointment was served upon them:* Code of Procedure, sec. 165, subdivision 2; 17 S. C. 435; 23 S. C. 187; 25 S. C. 275. *"Where two attorneys ad litem have appeared in the same case for the same defendant, the Court will not hear the case until it has been decided which attorney represents the defendant:"* 6 Corpus Juris 633. *Appellants are entitled to a trial by jury unless that right has been waived:* 106 S. C. 518; 89 S. C. 234; 61 S. C. 1. *There has been no waiver:* 25 S. C. 79; Code of Procedure, section 326. *The order of reference should have been vacated:* Code of Procedure, sec. 225.

*Mr. J. W. LeGrande,* for respondent, D. L. Gore Co., cites: *As to waiver of right to trial by jury:* Code of Procedure, sec. 326; 28 S. C. 268.

*Messrs. Spears & McInness and Dargan & Cork,* for the Murchison National Bank, plaintiff-respondent, submit: *That this cause is one for a Court of equity:* 33 S. C. 389; 43 S. C. 187; 93 S. C. 384. *If appellants ever had the right to demand a trial by jury, it has been waived:* Code of Procedure, sec. 225; 28 S. C. 268; 22 S. C. 339; 24 S. C. 446; 25 S. C. 72; 26 S. C. 304; 105 S. C. 137. *The order of reference was not void on account of the omission to serve notice of the application for the appointment of a guardian ad litem:* 56 S. C. 96.

August 2, 1918.

The opinion of the Court was delivered by Mr. Justice Fraser.

Respondent's statement of the case: "This action was commenced against the defendants, J. B. Reynolds and Minnie F. Reynolds, some time during the year 1911, for the foreclosure of the mortgage described in the complaint, which said defendants alleged had been paid and satisfied. A judgment against said defendants for the full amount demanded in the complaint for the foreclosure of said mort-

gage and the sale of the mortgaged premises was obtained. After the land had been advertised for sale pursuant to said judgment, and before the sale, the said defendant, J. B. Reynolds, placed on record in the office of the clerk of Court of Darlington county an instrument dated November 22, 1888, purporting to be a deed from one Sarah Tabitha Windham, under whom the mortgagors claimed title, conveying the greater part of the mortgaged premises to Ernest Clifford Reynolds, son of the said J. B. Reynolds, and Minnie F. Reynolds, and the other children of the said J. B. Reynolds and Minnie F. Reynolds, if any, thereafter to be born. The appellants, as children of J. B. and Minnie F. Reynolds, all claim under said instrument. After the commencement of this action several judgments were obtained against the said J. B. Reynolds and Minnie F. Reynolds. The plaintiff, therefore, amended its summons and complaint so as to make all their children and lien creditors parties to the action, and served the amended summons and complaint on all of them. Immediately after the service of the amended summons and complaint on the children of J. B. and Minnie F. Reynolds (who are the appellants herein), E. C. Dennis, Esq., an attorney practicing at Darlington, S. C., notified plaintiff's counsel that he had been retained to present the said defendant, and asked for an extension of time in which to answer the complaint. Plaintiff's counsel granted the extension of time asked for by Mr. Dennis, but no answer having been served prior to the next term of Court, refused to grant further extension unless Mr. Dennis would consent to an order of reference to be taken at that term of Court. Mr. Dennis, therefore, consented to the order of reference granted by Judge Shipp, and J. F. Pate, Esq., who had previously been appointed guardian *ad litem* for all the infant defendants, except Asa Reynolds, also consented to the said order of reference. It appears that no notice of the application for the appointment of a guardian *ad litem* for the defendant, Asa Reynolds, who is an infant over 14 years of age, was

served on him, his infancy being unknown to the plaintiff in the action until his answer was served, long after the order of reference was granted.    This alleged irregularity was not mentioned in the Court below, although said infant was there represented by a guardian *ad litem,* appointed on his petition, and was unknown to the presiding Judge and to respondent's counsel until the proposed case for appeal was served."

1. Asa Reynolds was an infant and not properly before the Court.    This makes the order of reference voidable as to him, whether it was known to the plaintiff or not, and he is entitled to have the question opened at this stage of the case.    Mr. Dennis appeared only to secure an extension of time.    Now, while anything that he might have done in order to secure the extension might have bound the adults, he could waive nothing for the minors who had not answered, and certainly he could not bind Asa, who had not even been served with the notice to procure the appointment of a guardian *ad litem.*

2. The only other question that need be considered is, Could Mr. McFarland, who had been attorney for one of the judgment creditors and whose judgment it was sought to enforce in this case, have been appointed as referee to decide the issues in this case?    There is no attack on Mr. McFarland's ability or integrity; both are above reproach.    It is simply a question of disqualification, and he is disqualified.

The order appealed from is reversed.