Argued December 21, 1933; reversed January 16, 1934

# In re STAFFORD'S ESTATE
(28 P. (2d) 840)

*McDannell Brown,* of Portland (C. M. Idleman, of Portland, on the brief), for appellant.

*Fred W. Bronn,* of Portland (Vernon J. Vernon, of Portland, on the brief), for respondents.

KELLY, J.   This appeal comes to us upon a petition of the executrix to substitute a report attached to said petition for her final account for leave to file an amended and corrected final account, and for the allowance of an alleged claim in her favor against said estate.

To this petition, certain beneficiaries of the estate filed objections.  These objections were based upon the claim that the executrix had received approximately $10,000 and other property from the decedent, who was the mother of the executrix during the five years immediately prior to the decedent's death which occurred on August 14, 1927, and that the executrix had not accounted therefor; that payments by a Mrs.

Estes upon a certain vendor's contract in the sum of $199.50; rental from the restaurant at Union Avenue and Columbia Boulevard in the sum of $850; rental of the north half of lot 2, block 10, Portland, in the sum of $2,320; rental from Foster & Kleiser, lease No. 285, in the sum of $180, and from their lease No. 2084, in the sum of $25; rental from Mrs. Bauer upon lot 10, block 4, Love's Addition, 1601 Union Avenue, North, in the sum of $490; rental of Hans Hansen for tracts "Q" and "P", Love's Addition, in the sum of $50; proceeds from the sale of block 33, Love's Addition in the sum of $2,210.24; and certain valuable personal property, were each and all omitted from said report and from said final account; and also upon the claim that the executrix was guilty of gross negligence on or about March 7, 1925, resulting in loss to her mother by tax foreclosure sale of certain real property; and upon the further claim that certain transfers of real property by her mother to the executrix were made and accepted upon the condition and consideration that said properties and income therefrom should be full and ample compensation and payment to said executrix for the care of her mother and the expenses incident thereto.

It appears that the report of the accountants attached to and made a part of the executrix's petition was made as a result of an examination by said accountants of the accounts involved, and that the employment of said accountants was authorized by the probate court after the executrix had reported to said court that, because of the involved nature of the record, she was unable to comply with a prior order of said court refusing to approve the final account then filed and directing the executrix to render an accounting of the transaction occurring during the last five years of her mother's life.

In this state of the record, the trial court ordered the executrix to make a full and complete accounting and appointed the attorneys for the executrix and for the objectors to act as referees for the taking of testimony in said accounting and making a report of their findings of fact in so far as they might be able to agree and that they make separate report of facts upon which they might be unable to agree.

Separate reports were made by the referees.

■■■ Among other things, we are here called upon to determine whether the trial court was warranted in requiring the executrix to account for all money received by the decedent prior to her death and while she was living with the executrix. In determining that, we must bear in mind that the petition before the court at the time the order for such accounting was made, as stated, was the petition of the executrix to be permitted to substitute the report of accountants for her final account, to be permitted to file an amended and corrected final account, and that her alleged claim against the estate be allowed.

We think that the order of the court should have been confined to the matters sought by the petition. We know of no rule of law which would authorize an executrix to substitute such a report as the one in suit made by certified accountants and covering a period of five years prior to the death of decedent for the final account required by statute to be made by such executrix. We think, however, that, under the circumstances shown in this case, the executrix was entitled to an order allowing her to file a supplemental and corrected report. We can not approve the petition mentioned as the proper means of presenting a claim by the executrix to the court, but such disapproval is

without prejudice to her right properly to present such claim as provided by section 11-509, Oregon Code 1930.

■ It is urged by the objecting heirs that the executrix submitted herself to the jurisdiction of the court upon the matter of an accounting and therefore ought not to be permitted to question such jurisdiction now. We do not so understand the record. An order of the court was made directing the attorneys of the litigating parties to act as referees. These attorneys, as such referees, obeyed the order of the court. There was nothing left for the executrix to do but to answer the questions propounded pursuant to the action of the referees in complying with the order of the court.

We can not sanction the appointment of referees of attorneys who have appeared for litigants interested in the cause wherein such appointment is made. In this case the attorneys, who were thus appointed, are men of strict probity and attorneys of high standing at the bar; but that question is not involved here. The order here entered allowing a claim against the executrix must have been based in part at least upon the report of a referee who was then the attorney for the litigants opposing such executrix.

In a case wherein an attorney, after his appointment, as referee, had accepted employment by the plaintiff to prosecute and collect demands against other parties, the supreme court of New York said:

"The rule should be inflexible, that such a fact will, ipso facto, avoid the report of a referee." Stebbins v. Brown, 65 Barb. (N. Y.) 272.

Later in *Fortunato v. The Mayor,* 31 App. Div. 271 (52 N. Y. S. 872), the appellate division reviewed the case, last above cited, saying:

"What we have to determine is, whether the relationship as it existed between the referee and the city when the order of reference was entered, and as it

continued during the time that the action was before him for trial, was inconsistent with his acting as referee to determine the action. Upon this question, the fact that the referee received the retainer from one of the parties prior to the time that he was appointed, instead of after his appointment, seems to me to be immaterial. Stebbins v. Brown (65 Barb. 272) was a case where, after the referee had been appointed, the plaintiff employed him to prosecute and collect demands against other parties. The court referred to the fact of the referee not having been counsel for the plaintiff prior to the time of his appointment as referee, and said: 'The court does not deem it important to inquire whether the decision of the referee was or was not affected favorably to the plaintiff by his retainer in the matters above mentioned, for we regard such an inquiry as immaterial. We deem it our duty to place our decision upon the unquestioned fact that, while the referee was acting on the trial of this action as an officer of the court, he accepted the retainer of the plaintiff and became, in respect to other matters, his attorney and counsel. The rule should be inflexible that such a fact will, ipso facto, avoid the report of a referee. No other rule will protect the referee from the approach of temptation, or shield the administration of justice from the suspicion of impurity.' Eliminating the question of the actual effect upon the referee by the retainer, it seems to me that the rule as it exists, prohibits the appointment as referee of one who is actually the professional adviser of one of the parties as it prohibits his continuance as referee after his retainer by one of the parties when he was so retained after his appointment as referee.''

To the same effect are *Murchison Nat. Bank v. Reynolds,* 110 S. C. 349 (96 S. E. 521) ; *Eason, Adm'x v. Billups, Adm'r, Saunders and others,* 65 N. C. 216; *Cronon v. Avery,* 42 Misc. 1 (85 N. Y. S. 539) ; *Higley v. Novark,* 145 App. Div. 7 (129 N. Y. S. 759).

■ The foregoing cases differ from the one at bar in that here attorneys for both of the contending parties

were appointed as referees, while in the cases cited but one referee was appointed. In the case at bar, however, separate reports were made respectively by the respective referees diverging from one another practically as the final report and petition of the executrix differ from the objections thereto interposed by the objecting heirs.

The motive of the learned and experienced trial judge, who made this reference, was to relieve the estate from the expense necessarily attendant upon the services of a disinterested referee; but we cannot approve the appointment of a disqualified referee even to attain such a worthy objective.

██ To place upon the executrix the onus of proving each item of disbursement of a given fund belonging to decedent, it must be proven that the executrix received such fund and exercised dominion and control thereof. The objectors urge that the executrix admits that from May 5, 1922, to August 14, 1927, she received $13,036.98 belonging to her mother. The only basis we find for that contention is the report of the accountants.

In a summary set forth in exhibit A of said report, we find the following:

"Mary C. Stafford and Mary C. Stafford Estate
Receipts and Disbursements.

|  | Dr. | Transfers Cr. |
|---|---|---|
| Total Income May 1922 to Aug. 13th 1927 (Sch. 1) |  |  |
| Balance in Ashley Rumelin Bk. | 9 571 06 |  |
| Trans. to 1st Natl. Sav. a/c .... |  | 22 87 |
| Total advanced by Mrs. A. L. Peacher to 8/13/27 (Sch. 2) | 3 443 05 |  |
|  | 13 036 98." |  |

As we understand this excerpt of the accountant's report, it means that the mother received from other sources than the executrix ........................................................ $9,593.93

And that the executrix, in her individual capacity, advanced, ............................................. 3,433.05

$13,036.98

In schedule 1 of said accountant's report entitled:

"Mary C. Stafford Income
May, 1922 to Jan. 30, 1931
Collected by Mrs. A. L. Peacher",

items are listed resulting in the following:

"Total 5/–/22 to
8/13/27          $9,571.06."

We are disinclined to construe the report of the accountants as an admission of any kind by the executrix. Certainly it does not constitute an admission by her that she received $13,036.98 of funds belonging to her mother during the five years that her mother lived with her.

■ Upon the whole record this case presents a situation very frequently found, where a mother somewhat incapacitated, in this case by age and blindness, makes use of the kindly offices of a daughter as a messenger and assistant. The mother directs her daughter with respect to funds received by the mother and disbursements which the mother desires to make; and the daughter carries out the directions thus given. The mother passes to her reward. We are asked by the objectors herein, after a lapse of four years from the death of the mother, to require the daughter strictly to account for each item of disbursement during the period beginning nine years theretofore.

This is based upon the theory that the daughter sustained a fiduciary relation to her mother and upon

the further claim that the daughter was the mother's agent and had admitted having received funds belonging to her mother as stated.

We hold that, as the facts appear from the record before us and with respect to the items of disbursements involved, neither of those grounds is tenable. This holding is without prejudice however to any appropriate suit, action or proceeding which the objecting heirs may hereafter institute.

The order of the probate court, to the effect that the executrix has not accounted for and is charged with $4,066.13 additional funds belonging to said estate; that the claim for $3,443.05 by said executrix is disallowed; and that the executrix is required to include in a supplemental final account the said sum of $4,066.14, as heretofore unreported assets of said estate, is reversed; and it is ordered that this cause be remanded to the circuit court with directions to overrule the executrix's petition in so far as it seeks to substitute said report of said accountants as a supplemental and corrected report, also to overrule said petition in so far as it purports to constitute a claim in favor of said executrix against said estate, without prejudice however to the future presentation of such claim as provided by law, and to sustain and allow said petition in so far as it is a request for permission to file an amended, supplemented or corrected final account; and for such further proceedings as are meet and proper not inconsistent herewith. It is further ordered that the costs and disbursements incurred by both the executrix and the objectors herein, both in the trial court and upon appeal, be treated as expenses of administration and be paid by the executrix from the funds of said estate.

RAND, C. J., BELT and ROSSMAN, JJ., concur.