JOHN LEONARD, Appellant, v. JAMES MULRY, Respondent.

After a referee had made his report in favor of plaintiff, the latter, as a consideration of its delivery, executed an agreement giving to the former a first lien, for his fees, " upon the judgment and claim of the plaintiff," the same to be paid " out of the first moneys collected * * upon said judgment or any subsequent judgment that may be recovered." Both plaintiff and the referee knew at the time that defendant intended to appeal. *Held,* ·that the referee was disqualified from settling the case ; that plaintiff having, by his own act, thus created the disqualification, and amendments having been served to the case as proposed, he was not entitled, as of course, to the benefit of the provision of the Code of

Civil Procedure (§ 997) which, in case of disability of a referee, permits the court to prescribe the manner of settling the case; but that an order setting aside the report and judgment entered thereon, was in the discretion of the court and so was not reviewable here.

Upon argument here, plaintiff's counsel presented an offer to withdraw the proposed amendments. *Held*, that, as it was not in the appeal papers and did not appear to have been presented to the court below, it could not be considered here.

(Argued June 29, 1883; decided October 2, 1883.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, made March 8, 1883, which affirmed an order of Special Term, setting aside the report of a referee herein and vacating the judgment entered thereon, and granted a new trial.

The referee made and signed his report in favor of plaintiff, and notified the latter's attorney of the fact and of the amount of his fees. The plaintiff was not able to pay the whole of that amount in cash, and proposed to the referee that the report should be delivered on his paying $300, and securing the balance by the plaintiff giving the referee a lien upon the judgment and claim in suit. The proposition was accepted and plaintiff executed a paper, of the body of which the following is a copy:

"In consideration of * * * * the referee in the above-entitled action delivering up his report therein to plaintiff's attorney upon being paid only $300 on account of his fees as such referee, the whole amount of such fees being $975, it is hereby agreed that for the remainder of such fees, to-wit: the sum of $675, the said referee shall have a first lien upon the judgment and claim of the plaintiff in the said action, and that said sum shall be paid to the said referee out of the first moneys collected from defendant upon said judgment, or any subsequent judgment that may be recovered herein."

Before the execution of this agreement, plaintiff and the referee were advised that defendant intended to appeal. The report was delivered and judgment in favor of plaintiff was entered thereon. The defendant appealed, served a proposed

case to which plaintiff proposed amendments, and a settlement of the case was noticed before the referee.

*Walter L. Livingston* for appellants.    The referee, having decided the cause, signed his report, findings and opinion. and plaintiff and defendant's attorneys having been notified of his decision some five weeks before the agreement in question had been thought of, and no change being subsequently made in either findings, report or opinion, his judicial authority in the case was at an end.   (*Ayrault* v. *Sackett*, 17 How. 509; *Walters* v. *Shepherd*, 14 Hun, 223; *Geib* v. *Topping*, 83 N. Y. 46, 48; *Niles* v. *Price*, 23 How. 473; *Cook* v. *Bowles*, 42 Barb. 87; *Birdseye* v. *Goddard*, *post*, 13; Code, § 1023, subd. 32; *Gormerly* v. *McGlynn*, 84 N. Y. 284; *Banc* v. *Neuss*, 2 Brown's Cr. Pro. 184; *Sharp* v. *Mayor*, 31 Barb. 578; *Murphy* v. *Winchester*, 35 id. 616, 620; *White* v. *Smith*, 1 Lans. 469, 474; *Schermerhorn* v. *Allen*, 13 How. 82.) Whether or not the referee acquired an interest which disqualified him from settling the case is a question of law reviewable in this court.  (*In re Will of Hancock*, 16 W'kly Dig. 301.)    The agreement taken by the referee from the plaintiff gave him no interest in the judgment that would disqualify him from settling the case.  (*Barker* v. *St. Quentin*, 12 M. & W. 451; *Adams* v. *Fox*, 40 Barb. 442; Story's Eq. Jur., § 1250; *Nelson* v. *Ingersoll*, 27 How. Pr. 4; *Leffler* v. *Field*, 33 id. 385; *Cook* v. *Bowles*, 42 Barb. 87; *Birdseye* v. *Goddard*, *post*, 13; Code, § 997.)    The court had no power, because the referee was disqualified from settling the case, to set aside the report.   (Code of Civil Pro., § 997.)

*Christopher Fine* for respondent.    The referee having become interested in the claim in suit before him his report should be set aside.  (Code of Civil Pro., §§ 993, 994, 997, 1011, 1016, 1024; Supreme Court General Rules, No. 32; *Catlin* v. *Adirondack R. R. Co.*, 19 Hun, 389; 81 N. Y. 379; *Devlin* v. *Mayor*, 54 How. 11.; affirmed, 67 N. Y. 590; *Kiersted* v. *Orange, etc., R. R.*, 54 How. 29, 46; Edwards on

References, 141, § 25.) A case may be sent back to a referee for further findings and other and further judicial proceedings by the Special, or even the General Term, after the report has been entered. (*Mearham* v. *Burke*, 54 N. Y. 217, 219, 220; *Van Slyke* v. *Hyatt*, 46 id. 259, 264, 265; *Beeglur* v. *Pinkney*, 80 id. 636; *Smith* v. *Glens Falls Ins. Co.*, 62 id. 85; *Carroll* v. *Staten I. R. R. Co.*, 65 Barb. 32, 37, 38, 39; *Parker* v. *Baxter*, 19 Hun, 410, 418; *Manly* v. *F. Ins. Co. of N. Am.*, 1 Lans. 20; Code of Civil Pro., § 994.) Where any impropriety, or irregularity, or appearance of evil on the part of a referee is committed by him, his report should be set aside without inquiring whether his decision was or was not affected by that fact. (*Livermore* v. *Bainbridge*, 14 Abb. [N. S.] 227, 228, 229, 232; *Dorlan* v. *Lewis*, 9 How. 4; *Yale* v. *Gwinits*, 4 id. 253, 256; *Devlin* v. *Mayor*, 7 Daly, 466; *Stebins* v. *Brown*, 65 Barb. 272, 273.) The order is not appealable to the Court of Appeals. (*Butterman* v. *Finn*, 40 N.Y. 340; *People, ex rel. Grissler*, v. *Fowler*, 55 id. 675; Code of Civil Pro., § 190, subds. 2, 3; id., § 191, subd. 1; id., §§ 3333, 3334; *Livermore* v. *Bainbridge*, 56 N. Y. 72, 74, 76; *Gray* v. *Fisk*, 53 id. 630; *Mendorff* v. *Mendorff*, 59 id. 635; *Dunlap* v. *Edwards*, 3 id. 341; *Sherman* v. *Felt*, 3 How. 425; *Clark* v. *City of Rochester*, 34 N. Y. 355, 356.)

DANFORTH, J. At the time of the arrangement between the prevailing party and the referee, the duties of the latter had not ended nor were the rights of the litigants finally determined. The defeated party intended to appeal from the decision, and of this intention his adversary and the referee were both notified before the execution of the agreement between them. The possible success of that appeal was in their minds, and so the agreement establishes a lien in favor of the referee, not only upon the judgment to follow his report, but upon the cause of action itself, and provides for the payment of his fees " out of the first moneys collected from defendants upon said judgment or any subsequent judgment that may be recovered " in the action. Whether the appeal prevailed would

depend upon the bill of exceptions or case, and its disclosure of erroneous decisions made by the referee in rejecting or allowing evidence, or his omission to notice material testimony, or other fault during the conduct of the trial. A difference between the parties as to these matters was not only possible but certain; for the case made by the defendant was not satisfactory to the plaintiff, and upon amendments prepared by him, it stood for settlement. Whether under these circumstances the appellant should be required to submit to the further decision of the referee, or whether having, by his own act, incapacitated the referee from acting, the plaintiff should be permitted to have the case settled before a new referee, or otherwise, was for the Supreme Court to say. Clearly the referee had acquired an interest so direct that an unsuccessful appeal would result in his pecuniary gain; and it is immaterial whether the functions of his office, in the settlement of the case or exceptions, are characterized as judicial or ministerial. In performing them he must act as referee, and for that he was disqualified. "No man," says the common law, "can be a judge in his own cause," and by statute (Code, § 46), he "cannot sit as such," in a cause or matter in which he is interested. So far as there are limitations to this rule they are noted in the *Matter of Ryers* (72 N. Y. 7), but this case is not affected by them. Nor was it necessary to inquire whether the referee would be influenced by the new relation which he sustained to the case. He might be affected by it unconsciously, and the rule of exclusion has regard, not so much to the motives which in any given case may be supposed to bias the judge, as to the apprehensions or even the over-anxious suspicions of litigants and the preservation of confidence in the administration of justice.

There is no evidence that in reaching a conclusion in favor of the plaintiff, or in the preparation of his report, there was either interest or improper conduct on the part of the referee, and the learned counsel for the respondent, with some force, contends that the ends of justice would be attained and the object of the rule of disqualification satisfied by permitting

the plaintiff to withdraw his proposed amendments and allow the appeal to be heard upon the plaintiff's case. An offer to that effect is now made by him, but it is not contained in the appeal papers and does not appear to have been presented to the court below. We cannot consider it. Nor do we think that the plaintiff is entitled, as of course, to the benefit of the provision (§ 997 of the Code), which, in case of death or disability of a referee, permits the court to prescribe the manner of settling the case. The plaintiff elected to disqualify the referee before whom the trial was had and cannot avoid the consequences of that act to the prejudice or inconvenience of his adversary.

From these considerations it follows that the order from which this appeal is taken rested in the discretion of the court below, in the exercise of its jurisdiction over the conduct of referees in the disposition of causes submitted to them, and against it, as is well settled, we have no power. (*Gray* v. *Fisk*, 53 N. Y. 630; *Livermore* v. *Bainbridge*, 56 id. 72; *Mundorff* v. *Mundorff*, 59 id. 635.) The appeal should, therefore, be dismissed.

All concur, except Andrews, J., absent.

Appeal dismissed.