In the Matter of the Application of the CITY OF ROCHESTER,
Respondent, to Acquire Certain Lands for the Opening
and Widening of Frank Street.

OTIS ELEVATOR COMPANY, Appellant.

Eminent domain — commissioners of appraisal in condemna-
tion proceedings — owners of land in district to be assessed for
lands taken in such proceedings, and, therefore, liable to pay
part of the award, are disqualified to act as commissioners —
when incompetency of commissioners is not waived because
no objection was made until application for confirmation of
award.

1. The rule that the courts should zealously secure to all the parties
in actions or proceedings submitted to them an unbiased hearing
and decision should be as rigidly adhered to in a proceeding affect-
ing the right to own and enjoy property as in an action in a duly
constituted court. The exercise of the right of eminent domain
involves a hearing upon notice to the parties interested, the receiv-
ing and weighing of evidence, a determination based upon the evi-
dence, is judicial in character and the commissioners of appraisal
should not have an interest, as the law defines the word, in such a
proceeding.

2. While the fact that a commissioner of appraisal owns land to
be assessed is not a disqualification under the language of the
charter of the city of Rochester (L. 1907, ch. 755, § 438), the common-
law rule that the commissioners should be disinterested exists, and
the principle that a common-law right existing at the date of the
enactment of a statute relating to the same subject is not taken
away by the statute, unless its language clearly and directly so pro-
vides or it is inescapably repugnant, applies.

3. The County Court of Monroe county appointed commissioners to ascertain the compensation to be awarded to owners of property to be taken for a local improvement, two of whom owned land in the district to be assessed therefor and were personally interested in the award by reason of their liability to pay a part of it. No objection was made by owners of lands affected until the application for confirmation of the report, when the question of the eligibility was raised by a property owner, who showed that he and his counsel were ignorant of the interest of the commissioners until after the award was made. *Held*, that the commissioners were disqualified and that the property owner was not negligent in failing to ascertain their interest at an earlier stage of the proceeding and did not waive their incompetency. (*Matter of New York, W. S. & B. Ry. Co.*, 35 Hun, 575, distinguished.)

*Matter of City of Rochester*, 155 App. Div. 879, reversed.

(Argued February 26, 1913; decided April 22, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 8, 1913, modifying and affirming as modified the confirmation by the common council of the city of Rochester of the report of commissioners in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*Edward C. Randall* for appellant. Commissioners Hubbard and Crittenden were not disinterested because of their liability to pay part of the award made by them. This disqualified them to act as commissioners. (*Darling* v. *Pierce*, 15 Hun, 546; *Matter of Hancock*, 27 Hun, 81; *Matter of Terminal Railway*, 16 App. Div. 516; *Matter of Grade Crossing Comrs.*, 69 Misc. Rep. 23; *Matter of City of Rochester*, 31 N. Y. S. R. 75; *Diveny* v. *City of Elmira*, 51 N. Y. 506.) The admission of evidence as to ownership of the property alleged to be in Frank street was error. (*Mangam* v. *Vil. of Sing Sing*, 26 App. Div. 469; 10 Am. & Eng. Ency. of Law, 1188.)

*William W. Webb*, Corporation Counsel (*Albert L. Shepard* of counsel), for respondent. Commissioners

Hubbard and Crittenden were qualified. (2 Lewis on Em. Domain, 996, 1028, 1075, 1086, §§ 562, 580, 611, 625; *Matter of Baker*, 173 N. Y. 254.) The encroachment of the buildings of the Otis Elevator Company upon Frank street tended materially to lessen their value. (24 Am. & Eng. Ency. of Law [2d ed.], 159; *Metropolitan Exhibition Co.* v. *Newton*, 51 Hun, 639; *D., L. & W. R. R. Co.* v. *City of Buffalo*, 4 App. Div. 562; 158 N. Y. 266.)

COLLIN, J. The appellant, Otis Elevator Company, asserts that the common council of the city of Rochester should have rejected the report of the commissioners in this proceeding for the reason, among others, that two of the three commissioners were interested because each owned lands within the district upon which their award was to be assessed.

The proceeding was instituted, under provisions of the charter of the city of Rochester, to acquire lands for the widening of Frank street of that city. The appellant owned a large part of those lands. Regularly in the course of the proceeding the common council directed that the expense of the public improvement be assessed upon all the lots and parcels of land located in nine designated wards of the city. There were in the city twenty-two wards. Thereafter, the city applied, after due notice to the interested parties, to the County Court of Monroe county for the appointment of commissioners to ascertain and report to the common council the compensation to be awarded to the owners of the property to be taken. The appellant appeared upon the application and consented that commissioners be appointed and the court thereupon appointed three persons such commissioners. The total compensation awarded was $56,750.00 of which $50,000.00 was to the appellant. Pursuant to the provisions of the charter of the city, the common council assigned a time and place for hearing the objections of any person interested in the confirmation of the award, and at the hear-

ing appellant duly raised the objection, among others, that two of the commissioners were disqualified to act because each of them owned land in the district to be assessed and was personally interested in the award by reason of his liability to pay a part of it, and introduced proof that the appellant and its counsel were ignorant of such fact until after the award was made. The confirmation of the report and award was made and was affirmed by the Appellate Division upon the appeal, permitted by a provision of the charter of the city, of the Otis Elevator Company.

A provision of the charter authorized the court, the prescribed antecedent acts having been done, to " appoint three commissioners of appraisal who are residents and freeholders of the city * * * not interested in any of the real estate, rights or easements sought to be taken nor of kin to any owner thereof or to any person having any estate, right or interest therein or lien, charge or incumbrance thereon." (L. 1907, ch. 755, section 438.) The fact that a commissioner of appraisal owned land to be assessed was not, therefore, a disqualification under the language of this provision, and the counsel for the respondent asserts that the provision specifically and affirmatively qualified the commissioners objected to. We have reached a contrary conclusion.

The common council of the city, pursuant to a provision of the charter, directed that the whole of the expense of the improvement be assessed " per front foot " upon the property within the designated wards. Manifestly, therefore, and it is an unquestioned fact, the part of the expense to be paid by each landowner of those wards depended upon the aggregate expense of the improvement and consequently upon the awards of compensation by the commissioners of appraisal. An award to the appellant greater than that actually made would have increased the sum to be paid by each of such owners including the two commissioners. The property rights and interests

of the two commissioners were, therefore, affected by their action and award.

The plain dictates of justice and fair dealing, compliance with which, through general principles and precedents, investing it with certitude and continuity, is the vitality of the law, require that a man shall not be a judge in his own cause. "The learned wisdom of enlightened nations, and the unlettered ideas of ruder societies, are in full accord upon this point; and wherever tribunals of justice have existed, all men have agreed that a judge shall never have the power to decide where he is himself a party." (*Washington Ins. Co. of N. Y. v. Price*, Hopk. Ch. 1.) The rule is rooted in sound reason. Self-interest and selfishness are persuasive or compelling forces in all ordinary affairs and rare, indeed, is the person in whom mental rectitude and a clear and impartial judgment are not impaired by them in determining an issue between himself and another. It is, moreover, essential to the purpose and the perpetuity of the law as the supreme power enforcing justice and order among men that it and the tribunals which declare and administer it secure to themselves without intermission or substantial diminution the respect and confidence of those subject to their jurisdiction. In *People ex rel. Roe* v. *Suffolk Common Pleas* (18 Wend. 550, 552) Judge BRONSON well said: "Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge." So vital is deemed the observance of this principle that it has been held that a judge disqualified under a statute cannot act even with the consent of the parties interested, because the law was not designed merely for the protection of the parties to the suit, but for the general interests of justice. (*Oakley* v. *Aspinwall*, 3 N. Y. 547; *St. John* v. *Andrews Institute*, 192 N. Y. 382, 387.)

The Constitution of the state expressly guards the

1913.]                    Opinion, per COLLIN, J.                    [208 N. Y.]

citizen against an unjust or illegal exercise of the right
to deprive him of his property through eminent domain.
It provides that just compensation shall be made for all
property thus taken, injured or destroyed, to be ascer-
tained by a jury or by not less than three commissioners
appointed by a court of record, as shall be prescribed by
law. (Constitution, art. 1, §§ 6, 7.) The rule that the
courts should zealously secure to all the parties in actions
or proceedings submitted to them an unbiased hearing
and decision should be as rigidly adhered to in a proceed-
ing affecting the right to own and enjoy property as in
an action in a duly constituted court. The exercise of
the right of eminent domain involves a hearing upon
notice to the parties interested, the receiving and weigh-
ing of evidence, a determination based upon the evi-
dence, is judicial in character and the commissioners of
appraisal should not have an interest, as the law defines
the word, in the proceeding.

The courts of this state extend to the rule that a man
shall not be a judge in his own cause a broad significa-
tion and a liberal application. The accuracy of such
statement is attested by the exceptions to the rule. In
*People ex rel. Howlett* v. *Mayor, etc., of Syracuse* (63
N. Y. 291, 295) one of three commissioners to award com-
pensation and assess the expense in eminent domain was
a trustee of a church liable to assessment. A ground of
attacking the validity of the proceeding was that the
commissioner was by reason of such fact incompetent to
act by reason of interest. It was held that he was com-
petent. Judge ANDREWS writing for the court said: "It
does not appear that he was a pew owner or had any
pecuniary interest which would be affected by an assess-
ment of the church property. The title was vested in
the corporation. The trustees are charged with the con-
trol and management of the temporalities of the church,
but are not subject to personal liability for its debts or

assessments.   *   *   * The duty imposed upon the com-
missioners of assessments in this case required the exercise
of judgment and discretion.    This is true, to a greater or
less extent, in most cases of boards appointed for the dis-
charge of duties connected with the administration of the
local affairs of municipalities, but it has not been supposed
that a remote interest in the subject to which the appoint-
ment relates would disqualify a member of the board from
acting under his appointment.    Great public inconven-
ience would result from establishing such a rule.    There
are many town and city officers who are called upon to
discharge public duties which may remotely affect their
pecuniary interests.    Assessors are officers of this kind,
but they are not incapacitated from assessing the prop-
erty of other citizens by the fact that they own property
also liable to assessment, the taxation of which may be
affected by the rate of assessment of the other property
within their jurisdiction.    In the proceeding under con-
sideration the parties were the public and the owners of
the property liable to assessment.    The commissioner who
was trustee was not the owner of or interested, in a legal
sense, in the property of the religious corporation of which
he was an officer, and was not disqualified from acting as
commissioner." In *Matter of Ryers* (72 N. Y. 1, 15) the
county judge of Richmond county appointed commis-
sioners of drainage under the General Drainage Act,
whose official duty it was, first, to determine upon the
necessity of the work, and then to carry it forward, deter-
mining the lands to be taken, the lands to be benefited
and the amounts of the assessments.    The county judge
was the owner of some of the lands to be affected.    The stat-
ute existing at the time put upon a county judge the power
to appoint commissioners in a proceeding to drain lands
in his county, and put it upon him alone.    He had no
authority to call in another county judge or other officer
to act in his place.    This court, assuming, but not decid-
ing, that the interest of the county judge was disquali-

fying, held the appointment of the commissioners legal under the rule of necessity, and formulated the rule: " That where a judicial officer has not so direct an interest in the cause or matter as that the result must necessarily affect him to his personal or pecuniary loss or gain, or where his personal or pecuniary interest is minute, and he has so exclusive jurisdiction of the cause or matter by Constitution or by statute, as that his refusal to act will prevent any proceeding in it, then he may act so far as that there may not be a failure of remedy, or, as it is sometimes expressed, a failure of justice." In *Leonard* v. *Mulry* (93 N. Y. 392, 396) we said: " So far as there are limitations to this rule (of disqualification for judicial power because of interest) they are noted in *Matter of Ryers* (72 N. Y. 7)." It may be added that the legislature of the state have by enactments created other exceptions to the rule, particular reference to which need not be made here. The interests affected by those exceptions are so remote and minute that the legislature may well have believed they would not influence the judgment, and, therefore, and from public necessity, they wisely determined that they should be disregarded.

No exception to the rule applies to the interests of the two commissioners in this case who owned property liable to be assessed under their award. The interest of each was financial and proprietary, direct, definite, capable of demonstration, and was affected by the proceeding. The rule of necessity did not apply to them because the section of the city charter providing for the appointment of commissioners could have been complied with by the appointment of others who had the statutory qualifications and did not own property in the district to be assessed. They were incompetent to act, and the proceeding was a nullity unless the statutory qualifications were exclusive. (*Oakley* v. *Aspinwall*, 3 N. Y. 547; *Diveny* v. *City of Elmira*, 51 N. Y. 506; *Leonard* v. *Mulry*, 93 N. Y. 392.) This conclusion does not involve

to any extent the consideration of whether or not the disqualifying interests affected the award.

The provisions of the charter that the court "may appoint three commissioners of appraisal who are residents and freeholders of the city * * * not interested in any of the real estate or easements sought to be taken, nor of kin to any owner thereof, or any person having any estate, right or easement therein, or lien, charge or incumbrance thereon," did not qualify the two commissioners. At the time the provision was enacted, the common-law rule that the commissioners should be disinterested existed. The statute is not at variance with and did not affect the rule. The principle that a common-law right existing at the date of the enactment of a statute relating to the same subject is not taken away by the statute, unless its language clearly and directly so provides or it is inescapably repugnant, applies.

A serious question is, did the appellant dispense with the qualification of disinterestedness on the part of the two commissioners? It raised no objection to their competency prior to or through the protracted hearing before them. It first raised the question upon the hearing by the common council of the objections to the confirmation of the report. The court acquired jurisdiction of the subject-matter and the persons and the appointment of the interested persons as commissioners was not a jurisdictional error. (*Matter of Baker*, 173 N. Y. 249; *Matter of New York, W. S. & B. Ry. Co.*, 35 Hun, 575.) It was, however, the duty of the court to appoint as commissioners competent and qualified persons. The statute placed no right of interference or responsibility therein upon the persons interested in the proceeding or the city of Rochester. The appellant was not negligent in failing throughout the proceeding to search into the qualifications of the commissioners, inasmuch as it was not under any duty in that regard. The appointment was in effect an adjudication that the persons

appointed were eligible under the provisions of the statute and the common law. The appellant here is upon ground different from that upon which stood the appellants in *Matter of New York, W. S. & B. Ry. Co.* (35 Hun, 575), wherein the latter assumed the duty of informing themselves in regard to the qualifications of the disqualified appointee by proposing him and suggesting his appointment. Waiver is usually a matter of intention as indicated by the language or conduct, and knowledge, actual or constructive, of the existence of the right or condition alleged to have been waived is an essential prerequisite to its relinquishment. (*Jewell* v. *Jewell*, 84 Me. 304; *Vyvyan* v. *Vyvyan*, 30 Beav. 65.) The appellant did not know of the interests of the commissioners in the proceeding until after the award was made and we conclude that it did not waive their incompetency.

Upon the hearing before the commissioners, the respondent introduced testimony in proof that the building of the appellant encroached about four feet upon Frank street as actually laid out as relevant to the determination of the compensation to be awarded the appellant. The appellant now asserts that the admission of the testimony was error on the part of the commissioners in that ownership of or title to the four feet could not be tried in the proceeding. We are of the opinion that no exception nor the form of the award presents the question, which, therefore, is not decided or considered.

A careful scrutiny of the record does not disclose any exception which requires discussion in this opinion.

The orders should be reversed and proceedings remitted to the County Court with directions to appoint other commissioners, with costs to appellants in all courts.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur.

Orders reversed, etc.