### McCORMICK v. WALKER et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. APPEAL AND ERROR (§ 569*)—DISQUALIFICATION OF REFEREE.

    Where a referee, after finding in favor of plaintiff, but before he had passed upon defendant's requested findings which by stipulation of the parties were to be submitted at any time within 30 days after ·the filing of the report, took from plaintiff an assignment of a part of the judgment in payment of his fees, he became disqualified to pass upon the

<hr>

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

requested findings or to settle the case on appeal although the assignment was made and accepted in the utmost good faith, since the state is bound to furnish to every litigant, not only an impartial judge, but one who has not by any act of his justified a doubt of his impartiality.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

2. APPEAL AND ERROR (§ 569*)—SETTLEMENT OF CASE—FAILURE TO NOTICE AMENDMENTS FOR SETTLEMENT.

Under rule 33 of the general rules of practice, providing that when a case is made, if the parties shall omit within the times limited by the rules, the one party to propose amendments or the other to notify appearance before the judge or referee, they shall, respectively, be deemed to have agreed to the case as proposed or to have agreed to the amendments, appellant's failure to notice proposed amendments to his proposed case for settlement did not result in the case with such amendments becoming thereby automatically settled, where the referee was disqualified to pass upon the proposed amendments, since they could not properly have been noticed for settlement before him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

3. APPEAL AND ERROR (§ 569*)—SETTLEMENT OF CASE—SETTLEMENT IN CASE OF REFEREE'S DISQUALIFICATION.

Under Code Civ. Proc. § 997, providing that, when a party intends to appeal from a judgment rendered after the trial of an issue of fact, he must except as otherwise prescribed make a case and procure it to be settled, and signed by the judge, justice, or referee by or before whom the action was tried, or, in case of the death or disability of the judge, justice, or referee, in such manner as the court directs, the court could not direct the settlement of a case before any one other than the referee before whom the action was tried, where the referee's disqualification had resulted from the act of the respondent in assigning to him a portion of the judgment in payment of his fees.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

4. REFERENCE (§ 87*)—REQUESTS FOR FINDINGS—TIME FOR FILING.

Where, in an action tried before a referee, the parties at the referee's suggestion stipulated that requests to find might be submitted after the report was made, a party was entitled to have requests to find so filed passed upon, although there is no authorization for such practice in the Code.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 133; Dec. Dig. § 87.*]

5. REFERENCE (§ 103*)—VACATING REPORT—GROUNDS—DISQUALIFICATION OF REFEREE.

Where a referee, after finding for plaintiff, but before passing upon the findings proposed by defendant, became disqualified to act, and his report contained only four findings of fact although the evidence was voluminous, the judgment would be vacated since the referee's act in passing upon defendant's proposed findings was a nullity, and defendant would not be compelled to have his appeal heard without a finding of the specific facts in his favor which were doubtless established by the evidence.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 188–203; Dec. Dig. § 103.*]

Appeal from Special Term, New York County.

Action by Robert C. McCormick against Joseph Walker, Jr., and another, as executors and trustees. From an order denying plaintiff's

motion to dismiss defendants' appeal from a judgment, and denying defendants' motion to vacate the judgment and set aside the report of the referee and declaring the case on appeal settled and ordering it filed, defendants appeal. Reversed and motion to vacate the judgment and set aside the report granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jacob Halstead, of New York City, for appellants.

James S. Lehmaier, of New York City, for respondent.

McLAUGHLIN, J. Action to recover for legal services. The issues were referred to a referee to hear and determine. He made a report in favor of the plaintiff and judgment was entered thereon, from which defendants appealed. Some time after the proposed case on appeal and proposed amendments thereto had been served, nothing further having been done, the plaintiff moved to dismiss the appeal on the ground that it had been abandoned. The defendants then made a motion to vacate the judgment and set aside the report on the ground that the referee had become disqualified to act further by reason of having taken an assignment of an interest in the judgment, or, in the alternative, for an order directing that the defendants' requests to find be passed upon and the case and amendments settled by a justice of the Supreme Court or a referee appointed for that purpose. The motions were heard together and resulted in an order denying the plaintiff's motion, and reciting that the case on appeal had become settled, and the amendments allowed through the defendants' failure to notice them for settlement and denying defendants' motion and ordering the case on file. From this order, or so much of it as denies the defendants' motion and orders the case filed, the defendants appeal.

[1] The trial was a long and expensive one. The testimony taken was very voluminous; the fees of the referee and stenographer amounting to more than $8,000. The referee made a report on the 8th of November, 1911, in favor of the plaintiff for $11,144. Judgment was entered thereon the same day for $19,464.50, which included the fees of the referee and stenographer. Shortly prior to the time the referee made his report, he notified the plaintiff's attorney that it was ready, and he thereupon called upon the referee, and stated that the plaintiff would be unable to pay his fees in full upon taking up the report but would pay $2,500, and give an assignment of the judgment to be entered for the balance. This arrangement was finally agreed upon between him and the referee, apparently in the expectation that the judgment would be promptly paid. On November 9, 1911, the day after the judgment was entered, plaintiff executed an assignment thereof to the referee to the extent of $2,233.50. Before the report was made, at the suggestion of the referee, the parties entered into a stipulation that requests to find might be submitted at any time within 30 days after the report was filed. Acting under the stipulation, after the report had been filed, and after the judgment had been assigned to plaintiff, defendants' attorney submitted requests to find, and they were passed upon by the referee. Some time thereafter the assignment

of the judgment was filed in the county clerk's office and a copy served upon the defendants' attorney. Notwithstanding this fact, however, the defendants prepared and served their proposed case on appeal and accepted plaintiff's proposed amendments. No further action was taken until the motions decided by the order appealed from were made.

The appellants now contend that the referee became disqualified as soon as the interest in the judgment was assigned to him, so that he could not legally pass upon their requests to find or settle the proposed amendments and case on appeal. That the assignment did, in fact, disqualify the referee, cannot well be disputed. Section 46, Code of Civil Pro.; Leonard v. Mulry, 93 N. Y. 392; 23 Cyc. 575. In the Leonard Case, where a referee had taken an assignment of a judgment under circumstances quite similar to the present one, the Court of Appeals held that he thereby became disqualified from settling the case and amendments, saying:

"Clearly the referee had acquired an interest so direct that an unsuccessful appeal would result in his pecuniary gain; and it is immaterial whether the functions of his office in the settlement of the case or exceptions are characterized as judicial or ministerial. In performing them he must act as referee, and for that he was disqualified."

[2, 3] But the respondent suggests that, the defendants having failed to notice the amendments for settlement, the case thereupon became settled automatically under rules 33 and 34 of the general rules of practice, and in any event the court should order the case settled under section 997 of the Code of Civil Procedure. I am unable to see any force in this suggestion. The referee was disqualified; and, that being so, the proposed amendments could not properly have been noticed for settlement before him, for which reason the defendants' failure to notice them did not have the effect of settling the case. The disqualification of the referee resulted from the act of the plaintiff, and, as intimated in Leonard v. Mulry, supra, section 997 of the Code of Civil Procedure does not apply.

[4, 5] But, even if the court might order the case settled in some other way under that section, I am of the opinion the power should not be exercised in the present case. By the stipulation of the parties, at the suggestion of the referee, the time for submitting requests to find was postponed until after the report had been made. Under these circumstances, while this practice is not authorized by the Code, the defendants are entitled to have their requests passed upon, and the importance of this right on the appeal taken by the defendants is obvious. Although the testimony taken covers over 3,400 typewritten pages, the report of the referee contains only 4 findings of fact and one conclusion of law. The requests presented to the referee by the defendants' counsel contain 123 proposed findings of fact, and, while many of them may be immaterial, nevertheless the defendants' rights on the appeal might be seriously prejudiced if they could not rely upon such facts as might be found in their favor. As was said in Bremer v. Manhattan Ry. Co., 191 N. Y. 333, 84 N. E. 59:

"A trial court, in making its decision, finds such facts as it deems material to the proper disposition of the issues to be determined and on those facts

bases its conclusions of law. These are the only facts required to be found in the decision. But the court may err in its judgment that the other facts proved in the case are immaterial and to afford the defeated party an opportunity to correct such an error the privilege is given to present requests to find."

The findings of the referee were very properly confined to the few facts necessary to support his conclusion of law that the plaintiff was entitled to recover; but, in view of the amount of testimony taken, it can hardly be doubted that there were specific facts established which the defendants were entitled to have presented on their appeal, and which would appear in the findings made at defendants' request.

While the referee assumed to pass upon the requests submitted, he was, in fact, at that time disqualified from doing so. It seems to me to be well settled that proceedings before a judge who is, by statute, disqualified from acting, are void and of no effect. People v. Connor, 142 N. Y. 130, 36 N. E. 807; Oakley v. Aspinwall, 3 N. Y. 547. It follows, therefore, that the defendants' requests to find have never been legally passed upon, and, so far as I am able to discover, there is no way in which they now can be, since the judge before whom the case was tried is disqualified. The court, in the absence of a stipulation of the parties, could not make findings of fact any more than could another referee. The result is that, if the defendants are now obliged to proceed with their appeal, the only findings which will be before the court when the appeal is heard will be the four findings contained in the referee's report. The defendants will be deprived of the advantage of any findings which might have been made in their favor and also of their right to except to the refusal to find to the requests not found. These are not technical, but substantial, rights to which the appellants are, by statute, entitled, and the court itself neither can nor should deprive them of their right to be heard on the appeal. While the course pursued by the appellants is open to criticism, by reason of his delay in moving, that is quite insufficient to take from them the right to have their appeal heard in the manner provided by the statute. As was said in Oakley v. Aspinwall, supra:

"The unfavorable aspect of the motion in this point of view must not cause us to overlook the principles upon which it is founded, which are of too great importance in the administration of justice ever to be lost sight of."

In that case the Court of Appeals held that a decision in which a disqualified judge had participated should not be allowed to stand, although the judge in question had acted at the request of the moving party.

After a careful consideration of the question presented on the appeal, I am forced to the conclusion that the defendants' motion to vacate the judgment and set aside the report should have been granted; otherwise they must either abandon their appeal, or be heard upon a record which may do them manifest injustice. The result is unfortunate, for it is not charged that the assignment of the judgment had, or would have, the slightest effect upon the referee. It is perfectly plain that the assignment was made and accepted in the utmost good faith, as a means of satisfying the referee's fees which the plaintiff

was unable to pay at the time. But the state is bound to furnish to every litigant not only an impartial judge, but one who has not, by any act of his, justified a doubt of his impartiality. Smith v. Dunn, 94 App. Div. 429, 88 N. Y. Supp. 58. The hardship falls upon the party who, however innocently, brought about the situation. The plaintiff, by his own act, elected to disqualify the referee, and he cannot now be permitted to avoid the consequences of that act to the prejudice of his adversary.

The order appealed from, therefore, must be reversed with $10 costs and disbursements, and defendants' motion to vacate the judgment and set aside the report granted, with $10 costs. All concur.