In the Matter of the Probate of the Last Will and Testament of ELIZA A. CARTER, Deceased. (No. 2.)

(Application for a Certificate of Disqualification under Section 2476 of the Code of Civil Procedure.)

FANNIE N. BROWN, Contestant, Appellant; WILLIAM C. PIKE, as Executor, etc., of ELIZA A. CARTER, Deceased, and CHARLOTTE I. GREGG, Legatee, Respondents.

Third Department, September 8, 1920.

Surrogates' Courts — when surrogate not disqualified to act as judicial officer — when judicial officer bound to act — Code of Civil Procedure, section 2476, construed — refusal of surrogate to issue certificate of his disqualification — refusal not appealable.

That part of section 2476 of the Code of Civil Procedure which provides that " a surrogate is also disqualified in any matter in his court where he files a certificate that his relations to the parties or the subject matter are such that it is improper for him to act," does not entitle the contestants of a will to review upon appeal the refusal of a surrogate to issue a cer-

tificate of disqualification under said provision. In the absence of facts which disqualified the surrogate under the statutes, the question is one exclusively for him to determine.

Where a duty is devolved upon a judicial officer, in the absence of some prohibition, constitutional or statutory, he is bound to act.

The purpose of the clause aforesaid was not to arm litigants with a power over the independence and integrity of the court, but to enable the surrogate, in a proper case, to decline to act without a violation of duty to the State.

The fact that a surrogate may have been a member of a humane society which is a legatee under a will does not make him interested in the subject-matter so as to disqualify him from entertaining proceedings for probate.

Nor is a surrogate disqualified because he may be on good terms with attorneys practicing in his court and may have accepted references at their suggestion and with their acquiescence.

KILEY, J., dissents in part, with opinion.

APPEAL by the contestant, Fannie N. Brown, from an order of the surrogate of the county of Clinton, entered in the office of said surrogate on the 27th day of February, 1920, denying her motion for a certificate that the said surrogate is disqualified from acting as surrogate in the above-entitled proceeding.

*Patrick J. Tierney,* for the appellant.

*John H. Booth,* for the respondent Pike.

*Weeds, Conway & Cotter [Frank E. Smith* of counsel], for the respondent Gregg.

WOODWARD, J.:

This proceeding is for the probate of a will, and Fannie N. Brown is opposing the probate, as the only heir at law and next of kin of the testatrix on the ground of undue influence and fraud. The immediate question involved in this appeal is the denial of a motion made by the contestant for a certificate of disqualification of the surrogate of Clinton county, under the provisions of section 2476 of the Code of Civil Procedure. The Code provision is that " in addition to his general disqualifications as a judicial officer, a surrogate is disqualified from acting upon an application for probate of a will, where he is a subscribing witness, or is necessarily examined or to be examined as a witness." That is, upon an application for the

probate of a will, the surrogate may not act if his relation to the subject-matter — the drafting or execution of the will — is such as to make it improper for him to pass judicially upon his own acts. To this specific limitation upon his powers, which depends upon facts which must appear upon the face of the will, or upon the proceeding as a matter of record, the Legislature has added the provision that " a surrogate is also disqualified in any matter in his court where he files a certificate that his relations to the parties or the subject matter are such that it is improper for him to act."

It is under this last clause that the contestant seeks to review the refusal of the surrogate to issue a certificate of disqualification, and it seems to us clear that, in the absence of facts which disqualify him under the statutes, the question is one exclusively for the surrogate to determine. The revisers' note to this provision says that " the new matter is added because the relation of the surrogate to persons doing business in his court, and to the subject matter, especially, where he is allowed to practice, is often such that he ought not to be obliged to act." The Court of Appeals, in *Pierce* v. *Delamater* (1 N. Y. 1), laid down the broad proposition that where a right to sit in a judicial tribunal existed it was the duty of a judge to act, even in the review of his own decisions. (See *Oakley* v. *Aspinwall*, 3 N. Y. 547; *Fry* v. *Bennett*, 28 id. 324; *Wittleder* v. *Citizens' Electric Illuminating Co.*, 47 App. Div. 543, 545.) This was subsequently changed by a revision of the Constitution, in so far as the appellate courts are concerned (Const. 1869, art. 6, § 8; Const. 1894, art. 6, § 3), but the general rule undoubtedly remains that where a duty is devolved upon a judicial officer, in the absence of some prohibition, constitutional or statutory, he is bound to act. In the very recent case of *Evans* v. *Gore* (253 U. S. 245; 40 Sup. Ct. Repr. [U. S.] 550) the United States Supreme Court was called upon to review a judgment which in its effect determined the rights of the justices of that court to their salaries undiminished by the income tax laws of the United States, and the court, while recognizing the embarrassment, declared that it was its duty to act; that " jurisdiction of the present case cannot be declined nor renounced," and the court held the act of Congress unconstitutional in so

far as it operated to decrease the compensation fixed by law for Federal judicial officers. (See Revenue Act of 1918 [40 U. S. Stat. at Large, 1065], § 213.) It was the purpose of the new matter above set out, not to arm litigants with a power over the independence and integrity of the court, but to enable the surrogate, in a proper case, to decline to act without a violation of duty to the State. If it were open to contestants before the surrogate to inquire into the conduct of the surrogate through the variety of activities which this officer must pass in a rural county, and to make this inquiry the subject of review in the appellate courts, far greater harm would come to the orderly administration of the law than would be possible from an individual case of lack of delicacy on the part of the surrogate. We do not mean to suggest, in the present case, that there was any lack of proper judicial delicacy. Indeed, the informal suggestion made to the surrogate that it was improper for him to act, accompanied by an implied threat to make it the subject of formal action, seems to us to be open to very grave objections. The power to disqualify was given to the surrogate, not to litigating parties, and the reasons given by the appellant for demanding such a certificate are so trifling that it is difficult to believe they are made in good faith and for the promotion of justice.

The first suggestion, that the surrogate should give the certificate because, as a member of the Mohawk and Hudson River Humane Society, a legatee, he was interested in the subject-matter, does not require any certificate if he is interested within the contemplation of law. Under the provisions of section 15 of the Judiciary Law (as amd. by Laws of 1917, chap. 28) if the judicial officer is "interested" he is disqualified by law. (*Oakley* v. *Aspinwall*, 3 N. Y. 547, 550, 551.) There is no occasion for the surrogate to make a certificate where the law affords absolute protection. Of course, the alleged interest in this case is not so direct and substantial as to bring it within any of the decisions. (*People* v. *Edmonds*, 15 Barb. 529.) It may well be doubted if we may know from the record that the surrogate is in fact a member of this charitable organization. If he is, no individual right is involved in the probate of this will, and it is not within the letter or spirit of the statute which is here invoked.

The other suggestions are equally untenable. There is no law, and no recognized public policy, which forbids a surrogate to be on good terms with the attorneys practicing in his court, or which stand in the way of his accepting references at the suggestion and with the acquiescence of all of the attorneys in a given proceeding. It may be conceded that there are often ethical considerations involved which might well engage the attention of the Legislature and of the bar and the courts, but they have no proper place in the consideration of a purely discretionary power granted to the surrogate to relieve him from the positive duty of acting where he was not disqualified by statute. Generally speaking it is his duty to act in all matters brought before him properly. The statute makes certain exceptions, and then to meet the peculiar conditions surrounding the office of surrogate it is provided that he may make a certificate which shall operate to disqualify him, but until he does make such a certificate the duty is imperative, and this court has no power, at the suggestion of litigants, to compel the making of a disqualifying certificate.

The order appealed from should be affirmed, with costs.

Kiley, J.:

To the proper, efficient and beneficial administration of justice, two features should always be present: *First*, that the litigant gets a fair trial, and *second*, which is quite as essential, that he or she shall think and believe that a fair trial of the issues presented has been had. This is a companion appeal of the one from an order of the same surrogate denying contestant's application to examine a witness before trial. (193 App. Div. 355.) The two appeals were argued together and necessarily examined together in connection with the consideration of the questions here involved. This record shows close and intimate relations between the attorney for the proponent and the surrogate; so much so, that the learned surrogate acted for him as referee in a matter where a claim against an estate and the construction of a will over which his court had jurisdiction were involved. These circumstances have never passed unnoticed by our appellate courts. The strongest evidence which prompts an irresistible inference that the learned surrogate is biased in favor of the proponent is founded on the fact that, in face of

what this record shows, he persists in exercising his discretion in his own favor and determines to preside at the trial of the issues made by contestant's objections. The suggestion is ventured that few stronger cases, from an ethical if not from a legal standpoint, could be conceived for the granting of a certificate than the one presented by the two records upon this appeal. The surrogate may have felt, and ground for this suggestion is found in his typewritten statement submitted with the papers upon this appeal, and in which he says matters outside the record entered into his decision of the motion, that the motion was not made in good faith and that such matters as he refers to and not disclosed by the record, indicated hostility based on matters foreign to the case. Even so, the desire, in the interest of the orderly administration of the law, and the respect it should inspire, superinduced by the fact that contestant should feel, though beaten, she had a fair trial, should have prevailed. In *McCormick* v. *Walker* (158 App. Div. 54) at page 58 of the opinion, McLaughlin, J., writing for the court says: " But the State is bound to furnish to every litigant not only an impartial judge, but one who has not, by any act of his, justified a doubt of his impartiality." The State has put a limit on the right of the court to thus furnish relief, under certain circumstances; that limit unfortunately exists in this case. Issue had been joined before the motion involved here was made and we find section 2477 of the Code of Civil Procedure provides as follows: "An objection to the power of a surrogate to act, based upon a disqualification, is waived by an adult party to a special proceeding unless it is taken at or before the joinder of issue by that party, or, where an issue is not framed, at or before the submission of the matter or question to the surrogate."

In view of this provision the order must be affirmed.

Order unanimously affirmed, with costs.