PATTERSON *v.* TOWNSHIP OF RAVENNA.

1. HIGHWAYS AND STREETS—PETITION TO DISCONTINUE—INTEREST OF MEMBERS OF TOWNSHIP BOARD RENDERS ACTION NULLITY.

Where a petition to a township board to discontinue a part of a public highway was made in the interest of a power company in which three members of the township board were stockholders, and two were directors and officers, they were thereby disqualified from acting on said petition, and the action of the board by aid of their votes, in granting said petition, is therefore a nullity.[1]

2. SAME—LANDOWNERS WHOSE LAND IS NOT ABUTTING HAVE NO RIGHT OF APPEAL UNDER STATUTE.

Landowners who do not own lands abutting on that part of a public highway discontinued by action of the township board have no right of appeal to the circuit court under the provisions of 1 Comp. Laws 1915, § 4295; the fact that they may suffer inconvenience by the action taken being insufficient under the statute.[2]

3. SAME—RIGHT TO REVIEW ACTION OF BOARD STATUTORY.

When a township board has used its best judgment in exercising the powers with which it is vested by the Constitution and statutes in laying out, altering, or discontinuing highways, its action may be reviewed only in the manner provided by statute.[3]

4. SAME—INJUNCTION—EQUITY WILL ASSUME JURISDICTION WHERE NO ADEQUATE REMEDY AT LAW EXISTS.

In a suit by landowners against a township to enjoin the discontinuance of a part of a public highway pursuant to proceedings taken by the township board, where it appears that the action of the board was a nullity, that plaintiffs had no right of appeal from the action of the board under 1 Comp. Laws 1915, § 4295, and that they have no adequate remedy at law, equity will assume jurisdiction and grant injunctive relief.[4]

---

[1]Highways, 29 C. J. § 227; [2]Id., 29 C. J. § 245; [3]Id., 29 C. J. § 245; [4]Id., 29 C. J. § 247 (1926 Anno).

5. Appeal and Error—Constitutionality of Statute Will Not
   be Determined Where Not Necessary to Decision of Case.
      Where it is not necessary to a determination of the case,
      the Supreme Court will not determine the constitutionality
      of Act No. 283, Pub. Acts 1909 (1 Comp. Laws 1915, §
      4287 et seq.), under which the action of a township board
      in discontinuing a part of a public highway was taken.[5]

Appeal from Muskegon; Vanderwerp (John), J.
Submitted October 23, 1924. (Docket No. 143.) De-
cided December 10, 1924.

Bill by William E. Patterson and others against the
township of Ravenna and others to enjoin the dis-
continuance of a highway. From a decree for plain-
tiffs, defendant township appeals. Affirmed.

*Bunker & Rogoski*, for plaintiffs.

*Dean S. Face*, for appellant.

Sharpe, J. For more than 30 years prior to the
commencement of this suit a highway had existed in
the defendant township known as the "Blackmer
road." One-half mile south of the village of Ravenna,
and at the intersection of sections 10, 11, 14 and 15,
it crossed a stream known as Crockery creek. A
new bridge had been erected over this stream in 1919
at a cost of about $4,000 in money and about $1,000
worth of labor, which was donated. There was a
slight deflection in the course of the road at the point
where the bridge was built. The stream ran south-
westerly through section 15, and near the quarter line
on the south the Ravenna-Conklin-Berlin Power Com-
pany had erected a dam across it. On January 25,
1923, an application was made to the highway com-
missioner of the township to discontinue that part of
the highway "beginning at the section corner common
to sections 10, 11, 14, and 15, thence south 400 feet."

[5]Appeal and Error, 4 C. J. § 2541.

A remonstrance, signed by 15 freeholders of the township, was filed.   The commissioner denied the application.   An appeal was taken by John A. Price, one of the men who had signed the petition, to the township board, resulting, by a vote of three to one, in the reversal of the order of the commissioner and the discontinuance as prayed for in the petition.   This action was taken on February 24, 1923.   On April 5, 1923, the plaintiffs, 20 in number, freeholders and residents of the township, filed the bill of complaint herein, reciting the proceedings taken and other facts which will be stated in the consideration of the proofs submitted, and praying for an injunction to restrain any action pursuant to such proceedings.   A decree was entered granting the relief prayed for, from which the township appeals.

The dam of the power company was constructed after the new bridge was built in 1919.   It is of sufficient height to provide for a 29-foot head of water and, if this be maintained, the water in the pond will overflow, not only the approaches to the bridge, but the bridge itself.   Without doing so, but one-half of its power can be developed.   Of the 15 who signed the petition for discontinuance, 12 were stockholders in the power company.   Three of the members of the township board who acted on the petition were also stockholders, two of them being directors and officers.

That the stockholders of the power company were financially interested in the action taken, there can be no doubt.   It clearly appears that a large sum must be expended in raising the bridge and its approaches if the 29-foot head is to be maintained.   There can be no question but that the interest of the three members of the board who voted in favor of discontinuance disqualified them from acting in the matter.   *Wilson* v. *Township Board,* 87 Mich. 240; *Locke* v. *Highway Commissioner,* 107 Mich. 631; *Smith* v. *Hubbell,* 142 Mich. 637; *In re City of Rochester,* 208 N. Y. 188

(101 N. E. 875, 47 L. R. A. [N. S.] 151, and note thereto on page 164). The action of the board was therefore a nullity.

It is urged that as the statute provides for an appeal from the action of the township board to the circuit court the chancery court had no jurisdiction. The proceedings to discontinue the highway were taken under chapter 86 of the Compiled Laws of 1915 (§ 4287 *et seq.*). We quote the applicable provisions relative to appeals:

"(4294) SEC. 7. Any person being a freeholder, or a holder of lands by homestead right within the township, who may conceive himself aggrieved by the determination of a commissioner in laying out, altering or discontinuing any highway, or in his award of damages, or in his refusal to lay out, alter or discontinue any highway, may, within ten days after such determination or refusal, appeal therefrom to the township board. * * *

"(4295) SEC. 8. * * * Any party or parties dissatisfied with the determination of such township board, either as to the value of the property taken or as to the determination upon the necessity for laying out, altering or discontinuing a highway, when the amount involved or damages claimed exceeds the sum of three hundred dollars, may appeal therefrom to the circuit court for the county in which said land is situated, and a return may be compelled and the same proceedings shall be had thereupon, as near as may be, and with a like effect as in cases of appeal from judgments rendered before justices of the peace, and the costs thereon awarded and collected in the circuit court in the same manner." * * *

As has been stated, the petition asked for the discontinuance of only 400 feet of the highway. This included but a little, if any, more than the bridge and its approaches. None of the plaintiffs owned lands abutting on this part of the highway. It is apparent that they had no right to take an appeal to the circuit court under the provisions of section 4295.

It is urged that plaintiffs have no such special and distinct interest in the proceedings to vacate the highway nor are they threatened with any such injury peculiar to themselves as entitles them to injunctive relief.    Township officials are vested with certain powers by the Constitution and statutes.    In laying out, altering or discontinuing highways, they can act only when petitioned to do so.    They are then required to exercise their best judgment in determining the merits of the questions presented; whether the action requested should be taken.    When they so act, it has, I think uniformly, been held by this court that their action may not be reviewed by a landowner who merely suffers inconvenience by the action taken except in the manner provided by statute.    This rule is clearly stated in *Tomazewski* v. *Palmer Bee Co.,* 223 Mich. 565, in which the earlier cases are cited. An exception to the rule would probably exist if fraudulent action on the part of the officials be charged.    *Toledo, etc., R. Co.* v. *Shafer,* 190 Mich. 89, and cases cited.    The plaintiffs are not here complaining of an improper exercise of judgment or an abuse of discretion on the part of the township board. They base their right to relief on the ground that the action taken was a nullity.    The facts which render it so are not of record.    They can be established only by proof *aliunde.*

The interest of the plaintiffs is shown in part by the following facts: Several, if not all, of them donated a considerable amount of work towards filling the approaches when the bridge was built.    The plaintiff Patterson owns a farm of 120 acres, on which he also conducts a retail grocery store, located, by the road in question, a distance of one and one-half miles directly south of the depot at Ravenna.    If it be closed, he will be required to travel three miles to reach the depot.    He makes from three to twelve trips to the depot each week, hauling in his hay and farm

produce and hauling out the merchandise for his store. He testified that the road he must take if this be vacated is badly drifted in winter and almost impassable at times.

The plaintiffs have no adequate remedy at law. They could not obtain relief by application to the township officials, because it is their unlawful action of which they complain. Application to the law officers of the State or county would result in the delay incident to investigation. The bill alleges, and the answer admits, that defendants threaten "to act upon the authority of said proceedings." Delay might result in the dismantling of the bridge and prevent its use for a considerable time. The plaintiffs have the lawful right to use this highway. The action taken, if enforced, will not only interfere with such right but terminate it for all time.

Under the record here made, we feel constrained to hold that the plaintiffs are entitled to the injunctive relief granted them.

In view of the conclusion reached, we do not find it necessary to pass upon the claim of plaintiffs that the law under which action was taken (Act No. 283, Pub. Acts 1909, 1 Comp. Laws 1915, § 4287 *et seq.*), so far as it relates to the vacation of highways is unconstitutional because the provision therefor is not within the title to the act.

The decree is affirmed, with costs to appellees.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.