## THE CITY OF BRIDGEPORT *vs.* MINOTT S. GIDDINGS AND ANOTHER.

The charter of the city of Bridgeport provides that the appraisers and board of review, appointed for the purpose of assessing damages and benefits upon street improvements, shall be disinterested freeholders of the city.   Held—1. That by disinterested freeholders was meant freeholders of the city who had no particular interest in the property to be affected by the improvement, and not persons who were wholly free from interest as tax-payers.  2. That the legislature had power to provide that persons interested merely as tax-payers might act upon such boards.

*B,* a land-owner of the city, was legally assessed by the appraisers for benefits from such an improvement, and took no appeal to the board of review.   Sundry others, however, who were assessed at the same time for benefits from the same improvement, took appeals, which made necessary a re-assessment of all the benefits, under which a larger sum was assessed against *B.*   The board of relief, whose action was final, made their report, which was filed with the clerk of the city, but was not recorded; the city charter providing that it should be recorded.   Held—1. That *B,* having notice of the proceedings before the board of review, was bound to take notice of the result, and that the assessment against him was not invalidated by the neglect of the city to give him notice of the final assessment against him.  2. That as the recording of the report was intended for the preservation of the assessment and not for constructive notice to parties interested, the neglect to have it recorded did not render it void.

Where, upon a petition for the foreclosure of a lien held by the city upon the land of *B* for the amount assessed against him, it was found in the court below that the assessors and board of review were residents, property-holders, and tax payers of the city, but did not appear that they were freeholders of the city, it was held that the finding was not sufficient to warrant a decree for the petitioners, and the case was sent back for further inquiry as to whether they were in fact freeholders of the city.

BILL to foreclose a lien for the amount of benefits assessed upon the land of the respondents for a city improvement;

brought to the Court of Common Pleas of Fairfield County. The court found the following facts:

On the 3d of January, 1870, the common council of the city of Bridgeport ordered a lay-out of an extension and widening of Middle street, one of the streets of the city, and at the same time three appraisers were appointed to appraise and report to the council the damages and benefits accruing to persons from the improvement. The appraisers were all of them resident property-holders and tax-payers of the city, but they did not, nor did either of them, own, or have any interest in, property adjacent to the street.

Upon legal notice being given to all parties interested, they made their estimates of the benefits and damages, and reported the same to the common council at its meeting held November 17th, 1870, and the report was duly accepted. The report was published in the Bridgeport *Daily Standard*, one of the daily papers published in the city, from November 19th to November 28th, 1870, inclusive, and in the Bridgeport *Daily Farmer*, another daily paper published in the city, from November 23d to December 1st, 1870, inclusive.

The appraisers, in their estimate of benefits and damages, assessed Daniel Bostwick, mentioned in the petitioner's bill, the sum of $283 for benefits. From this assessment Bostwick took no appeal, but more than one-third of the entire number of persons included in the assessment did appeal to the board of review of the city, being a board established by the charter of the city to hear such appeals. The members of this board were all of them residents of and property-holders and tax-payers in the city at that time, but were not otherwise disqualified to act on the appeal.

The board of review re-assessed and re-adjusted the several assessments, in which re-assessment and re-adjustment said Bostwick was assessed benefits to the amount of $378.25, and filed their report of the new assessment with the clerk of the city, May 15th, 1871. The clerk at the time entered on the back of the report the following memorandum: "To be recorded, May 15th." The report has never been otherwise

recorded than by being so filed with the clerk and having the above memorandum entered upon it.

The report of the board of review was never published, nor was any notice whatever of the same given to the parties interested in it, otherwise than by the filing of the same with the clerk of the city and by the entry by him of the above memorandum on the back of it. The assessment of benefits to said Bostwick has never been paid.

On the 13th of July, 1871, a certificate of lien on the property of said Bostwick for said benefits, in the form provided by the charter of the city then in force, was executed and filed by the proper officers of the city with the town clerk of the town of Bridgeport, in which the land lies, and was on the 13th day of July, 1871, duly recorded in the record book kept for that purpose in the town clerk's office.

On the 1st of July, 1870, Bostwick mortgaged the land upon which the lien was claimed to one George Wade, in whom by foreclosure the title to the land became absolute June 29th, 1875. Wade, on the 9th day of August, 1875, conveyed to the respondents all his interest in the land, and the respondents are the only parties interested in the petition except the petitioners.

Upon the foregoing facts the case was reserved for the advice of this court.

*I. M. Bullock,* for the petitioners.

*L. Warner* and *V. R. Giddings,* for the respondents.

CARPENTER, J. The city of Bridgeport extended and widened one of its streets, assessed benefits upon the land described in the petition, and took the steps necessary to secure and perpetuate a lien thereon for the benefits so assessed. The sum assessed not having been paid, this petition is brought for a foreclosure.

The validity of the proceedings is objected to on several grounds.

1. That the assessment as finally made by the board of

review, organized and appointed pursuant to the charter, was never published or recorded, and no notice of the assessment was ever given to the then owner of the land.

The assessment was made in the first instance by three appraisers appointed under the 33d section of the city charter. Notice of the time and place was duly given, and the assessment when made was duly published.   More than one-third of all the persons assessed appealed to the board of review, and it thereupon became the duty of that board to re-assess and re-adjust the several assessments of all the persons previously assessed therefor, which was done accordingly.   From the doings of that board the charter provides for no appeal, their decision being final.   The charter does not require that their assessment shall be published, or that notice thereof shall be given to the persons assessed.   There is no complaint that the owner was not notified of the time and place of hearing, and presumptively he had such notice.   We think that he was bound to take notice of the result, and that the proceedings are not void for the reason that the result was not published.

The charter requires that the doings of the board of review shall be recorded, and this provision was not complied with. The object of recording was not to give constructive notice to parties interested, but to preserve it in more durable form and guard against the liability of loss.

We are inclined to think therefore that the omission of the clerk to record it does not invalidate the proceedings.

2.   The respondents further object to the validity of the proceedings on the ground that the provisions of the charter relative to the appraisal and assessment of benefits are unconstitutional, for the reason that the appraisers and board of review consist of freeholders of the city, and that being freeholders they must necessarily be tax-payers, and being tax-payers they cannot be disinterested.

Counsel do not tell us what provision of the constitution is violated, and we do not readily perceive the force of this objection.   The charter seems to contemplate that the amount of damages assessed for any such improvement shall or may be

assessed upon persons specially benefited.  Freeholders of the city who have no land to be affected by the improvement, and who are not related to any of the parties who have, can have no direct interest in the question as to the proportional part of such damages which each party benefited shall pay; and in that sense they are disinterested; and in that sense we think the legislature used the word.  The mere fact that the city in certain cases may be liable for costs, and in certain other cases may be obliged to pay a portion of the damages assessed, does not show such an interest in the freeholders of the city as to disqualify them, constitutionally or otherwise, from acting as appraisers, if the legislature authorizes it. Such an interest in each tax-payer is extremely small, and the legislature presumed that it would not affect their judgment. Other instances of similar legislation are to be found in the statute.   The judges of the highest courts are permitted by statute to try causes in which the towns or cities in which they reside are parties; and justices of the peace have jurisdiction of criminal causes, notwithstanding the towns in which they reside may have a possible interest in respect to fine and costs.

We conclude then that it was competent for the legislature to authorize the appointment of freeholders of the city upon these boards.

3.   The third and last objection is that it does not appear, from the finding or otherwise, that the appraisers or members of the board of review were freeholders of the city.  As the record now stands this objection seems to be well taken. *Nichols* v. *City of Bridgeport*, 23 Conn., 189.  Upon this point the finding is not explicit.  It does appear that they were tax-payers, and that they were residents of the city; and it is probably true that they were freeholders.  But that fact ought clearly to appear.    We therefore advise the Court of Common Pleas to render judgment for the petitioners, if, upon further inquiry, it shall be found that the board of review was composed of freeholders of the city; otherwise to render judgment for the respondents.

In this opinion the other judges concurred.