COUNTY OF ORANGE, Appellant, *v.* STORM KING STONE COMPANY et al., Respondents, Impleaded with Another.

**Eminent domain — realty owner and taxpayer in county maintaining condemnation proceeding not disqualified from acting as commissioner of appraisal.**

1. The interest of a general taxpayer of a city, town or county is so remote that a freeholding judge or juror may be authorized to sit in cases where his municipality is a party.

2. It is competent for the legislature to provide that a taxpayer of a municipal corporation is not disqualified from being a juror, judge or commissioner in an action where the corporation is a party.

3. The words " disinterested " and " competent freeholders " as used in the Highway Law (§ 151) and in the General Condemnation Law (Code Civ. Pro. § 3369), in their provisions for the appointment of commissioners of appraisal in condemnation proceedings, mean a disinterestedness and a competency like that of a juror or a judge, and, therefore, in such a proceeding, brought by a county, an owner of realty and a taxpayer therein is a disinterested person and qualified to act as such a commissioner. (*Matter of City of Rochester*, 208 N. Y. 188, distinguished.)

*County of Orange* v. *Storm King Stone Co.*, 191 App. Div. 329, reversed.

(Argued September 30, 1920; decided October 19, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 9, 1920, which reversed an order of Special Term confirming the report of commissioners of appraisal in condemnation proceedings and remitted the proceeding to a new ·commission for re-appraisal.

The facts, so far as material, and the questions certified are stated in the opinion.

*Percy V. D. Gott, George A. Blauvelt* and *Joseph W. Gott* for appellant. The fact that Collins was a taxpayer of the county of Orange did not disqualify him from

acting as . commissioner in this proceeding. (*Matter of City of Rochester*, 208 N. Y. 188; *State* v. *Crane*, 36 N. J. L. 394; *State* v. *Wright*, 54 N. J. L. 130; *Pack* v. *Mayor*, 3 N. Y. 493; *Corwein* v. *Haines*, 11 Johns. 76; *Matter of N. Y., W. S. & B. Ry. Co.*, 35 Hun, 575.)

*Louis Marshall* for respondent. Collins, being during all of the time that he acted as commissioner of appraisal in these proceedings the owner of real estate in and a taxpayer of Orange county, was not a disinterested person and qualified to sit as such commissioner within the meaning of section 151 of the Highway Law; in consequence of which the appointment of the commission and all of its acts were a nullity. The first question certified should, therefore, be answered in the negative. (*Matter of City of Rochester*, 208 N. Y. 188; *Matter of City of Rochester* v. *Holden*, 224 N. Y. 386; *Rochester, Syracuse & Eastern R. R. Co.* v. *Tolan*, 116 App. Div. 696; *Matter of Simmons*, 166 App. Div. 752; *Peck* v. *Freeholders*, 21 N. J. L. 656; *Regina* v. *Wilkes County*, 6 Mod. 307; *Parishes of Greate Charte & Kennington*, 2 Strange, 1173; *King* v. *Inhabitants of Yarpole*, 4 T. R. 71; *Queen* v. *Justices of Hertfordshire*, 6 Ad. & El. 753; Lewis on Eminent Domain [3d ed.], § 619; 2 Nichols Law of Eminent Domain, § 341; *Oakley* v. *Aspinwall*, 3 N. Y. 547; *Wilcox* v. *Royal Arcanum*, 210 N. Y. 377.)

CRANE, J. This proceeding was commenced under the provisions of the Highway Law for the purpose of acquiring a right of way across the lands of the defendant Storm King Stone Company, in the town of Cornwall, county of Orange, for state highway No. 5498, commonly known as the Storm King road, being a part of route No. 3 of the state trunk line highway system.

The proceeding conformed not only to the provisions of the Highway Law, but by reason of the omissions in

that law to all the requirements of the General Condemnation Law applicable thereto.

Judgment of condemnation was entered February 4th, 1915, after a contested trial of the issue of necessity. The commissioners of appraisal were appointed and their final report made on the 31st day of July, 1916. The award to the defendant for damages was $48,475. The confirmation of the report was opposed at Special Term because one of the commissioners, Edward J. Collins, of Newburgh, was the owner of a farm in the town of Montgomery, Orange county, worth about $3,000.

As the award would be assessed upon the county, it was claimed that he as a taxpayer was so interested as to disqualify him as a matter of law from sitting upon the commission. It was also claimed that this disqualification could not be waived by the action or consent of the parties. The Special Term overruled the objection and confirmed the report. The Appellate Division reversed the Special Term and remitted the matter to new commissioners for re-appraisal, stating in its opinion that Commissioner Collins was disqualified. Two of the justices dissented from this conclusion. Thereupon the Appellate Division certified to this court the following questions:

" 1. Was Edward J. Collins, of Newburgh, N. Y., who during all the time he acted as commissioner of appraisal in this proceeding was the owner of real estate in and a taxpayer of the county of Orange, a disinterested person and qualified to act as such commissioner, within the meaning of section 151 of the Highway Law?

"2. If the status of Edward J. Collins as a taxpayer of Orange county disqualified him to act as a commissioner of appraisal herein, was it competent for the defendant to waive such disqualification?

" 3. Do the acts of the defendant, as shown by the record, constitute a waiver of such disqualification? "

The main authority for the conclusion reached by the

Appellate Division was said to be our decision in *Matter of City of Rochester* (208 N. Y. 188). That proceeding was instituted under the provisions of the charter of the city of Rochester to acquire lands for the widening of Frank street in that city. The common council directed that the expense of the public improvement be assessed upon all the lands located in nine designated wards of the city. There were in the city twenty-two wards. Two of the commissioners appointed owned land in this limited district to be assessed, that is, within the nine wards of the city charged with the costs of improvement. Here was a direct financial interest arising out of ownership of land to be assessed in a small and limited territory, and it was held that the commissioners could not act and were disqualified.

There is, however, a marked distinction recognized in all the cases between a local and direct interest and the general interest of a taxpayer of the whole city or county. It is very doubtful whether the legislature would have the power to remove the disqualification of a direct and immediate interest. It could not make a man a judge in his own case. The provisions of the Constitution of the state of New York, section 6 of the first article, providing that no person shall be deprived of property without due process of law and that private property shall not be taken for public use without just compensation would, in my opinion, prevent the legislature from authorizing a person to serve as judge, juror or commissioner in a case or matter in which he was directly, substantially and vitally interested. A legislative act which should undertake to make a judge the arbiter in his own cause would be void. (*Matter of Ryers,* 72 N. Y. 1, 13; *Wynehamer* v. *People,* 13 N. Y. 378, 447; *People* v. *Sickles,* 156 N. Y. 541.)

In this *Rochester* case the commissioner was directly interested.

It was very early recognized in this state and elsewhere

that the interest of a general taxpayer of a city, town or county was so remote as to be the subject of legislation, and that a freeholding judge or juror could be authorized to sit in cases where his municipality was a party.

Judge ANDREWS in *Hildreth* v. *City of Troy* (101 N. Y. 234, 236) says: " The common law has been modified in this State by general statutes making the inhabitants of a town or county competent jurors in suits brought by or against such town or county (1 R. S. 357, § 4; id. 384, §.4; 2 id. 420, § 58), and as to the inhabitants of cities, by special provision, inserted in nearly all cases, in the charters of incorporation."

That it is competent for the legislature to provide that a taxpayer of a municipal corporation is not disqualified from being a juror, judge or commissioner in an action where the corporation is a party has been held in *City of Minneapolis* v. *Wilkin* (30 Minn. 140); *City of Bridgeport* v. *Giddings* (43 Conn. 304, 307); *Matter of Ryers* (*supra*); *Inhabitants of Wilbraham* v. *County Commissioners of Hampden* (11 Pick. 322); *State, Bowker, Prosecutrix,* v. *Wright* (54 N. J. L. 130); *Brittain* v. *Monroe Co.* (214 Penn. St. 648); *Commonwealth* v. *Tuttle* (12 Cush. 502).

*State, Winans et al. Prosecutors* v. *Crane, Collector of Cranford Township* (36 N. J. L. 394) well marks out this distinction. Referring to a commissioner named Hammer, who was directly affected by the damages and benefits. in laying out a road, the court said (398): " This interest is very different from that of a mere general taxpayer, which, in some cases, from the necessity of things, might be disregarded, or, if not so, could be relieved against by the Legislature.  *  *  *  (401.) It may therefore be considered as settled, that disqualifications for such interests as are common to all taxpayers, may be removed by the Legislature."

We may, therefore, approach the decision of this question certified to us by the Appellate Division by assuming that the legislature had power to remove any

disqualification of a commissioner where the county was a party arising out of the fact that he was a general taxpayer of the county. The next question is, has the legislature done it?

The Highway Law (Cons. Laws, ch. 25), section 151, says that upon the presentation of the petition the court shall, after hearing the persons having an interest in the lands to be acquired, appoint three disinterested persons as commissioners. The General Condemnation Law, under which this proceeding was also taken, provides (§ 3369 of the Code of Civil Procedure): " Judgment shall be entered, adjudging that the condemnation of the real property described is necessary for the public use   *   *   *   and the court shall thereupon appoint three *disinterested and competent freeholders,* residents of the judicial district embracing the county where the real property or some part of it is situated."

What is the meaning of the words " disinterested " and " competent freeholders " as used in these statutes? Shall we look solely to the common law as it was years ago or shall we interpret the interest in the light of legislation touching the trial of every disputed question of fact arising in judicial proceedings? Is the position of a commissioner to assess damages an anomaly; is he singled out from the law which touches judges and jurors, the triers of fact in general?

By section 7 of the first article of the State Constitution it is provided: " When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the State, shall be ascertained by a jury, or by the Supreme Court with or without a jury, but not with a referee, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

Under this Constitution, as amended in 1919, a judge of the Supreme Court could have assessed the damages.

30

By section 16 of the Judiciary Law he would not be disqualified by reason of being a resident or taxpayer of the county of Orange. If it were stated, then, that the judge before whom such a proceeding comes must be disinterested and competent to act, "interest" would mean something more than being a taxpayer in a county by or against whom the action is brought. But it is said that a jury may also assess the damages. Section 1179 of the Code of Civil Procedure, as amended by the Laws of 1903, chapter 294, provides that in an action wherein a county is a party it is not a good cause of challenge to a trial juror that he is liable to pay taxes in the county which is a party to such action. This proceeding to condemn land is in the form of an action; it results in a judgment of condemnation. Here again, we would have the interest of a juror meaning something other than being a taxpayer in the county if the hearing were before a jury. Why should a different meaning be given to these words when applicable to a commissioner? Is it not reasonable to suppose that when the legislature made a judge or a juror disinterested and competent, although a taxpayer of the county bringing the action, that a commissioner appointed to determine the same question should also be considered disinterested and competent under like circumstances? The words " disinterested " and " competent freeholders " as used in the Highway Law and in the General Condemnation Law must mean a disinterestedness and a competency like that of a juror or a judge.

I know that the statute requires the assessment of damages by a commission of three persons, but in determining the meaning of " disinterested " it is helpful to ascertain its application to other triers of fact under the same conditions. Thus an action brought by or against the county to recover a large sum of money is tried before a judge or by a jury. Both will be disinterested though taxpayers within the county and liable to be assessed by

the result. " Disinterested " is given a meaning as it pertains to the judge or jury which permits them to be resident taxpayers; why should not the same meaning be given to the word when applied to a commissioner? He is a like part of the legal machinery for determining facts. Too strict an adherence to the letter sometimes weakens the law and obstructs its purpose. The purpose to furnish a fair and impartial tribunal is accomplished when a commissioner is as unbiased as a judge or jury. To hold otherwise is to place more importance on the omission to use the word " commissioner " in the qualifying statutes than to gather the actual intent and purpose from analogy and reason. Words often change their meaning from time to time, especially when the legislature has modified their use. When we say to-day that a judge or juror must be disinterested and competent, it conveys a different idea than it did at common law. So as applied to a commissioner, the sentence has the modern, not the ancient significance

No reason has been suggested for adhering to a disqualification of a commissioner which no longer applies to a judge or a juror. And this reasoning is further borne out by again referring to the provisions of the General Condemnation Law, section 3369. " Provided, however," it reads, " that in any such proceeding instituted within the first or second judicial district, such commissioners shall be residents of the county where the real property, or some part of it, is situated or of some adjoining county."

If this condemnation case, therefore, had arisen in the second judicial district, and the county of Suffolk or Nassau or Richmond were the plaintiff the commissioners appointed would not have been disqualified because freeholders of the plaintiff county.

Section 3369 of the Code of Civil Procedure was adopted into the Code by the Laws of 1890, chapter 95. At that time it read: " The court shall thereupon appoint three

disinterested and competent freeholders, residents of the county where the real property or some part of it is situated."

This remained the law for five years. Under it the commissioner had to be a freeholder of the county in which the property sought to be condemned was situated. No exception was made in cases where the county was a party and all the freeholders would be taxed for the improvement. In 1895 (Chapter 530) the section was amended to its present form, requiring the commissioners to be freeholders, residents of the judicial district embracing the county where the real property is situated. Nothing was said about excluding the freeholder of a county which was a party to the action or proceeding. Such terms of exclusion were not unfamiliar to the legislature. The Village Law (Cons. Laws, ch. 64), section 150, referring to the appointment of commissioners to lay out streets, sidewalks or public grounds, reads: " Upon such application the county court must appoint as such commissioners three resident disinterested freeholders of the county in which such land is situated, *not residents of the village,* nor nominated by a person interested in the proceeding."

Such specific exclusion is also found in the provision for laying out town roads. (Highway Law, § 194.)

So here, if a general taxpayer of the county were incompetent to serve as commissioner where the county was interested, the legislature in section 3369 of the Code of Civil Procedure would have said that the commissioners should be residents of the judicial district embracing the county where the real property or some part of it is situated but not freeholders of the county interested. The Village Law considers the residents of the village interested, the Highway Law so considers the resident of a town, but the Condemnation Law considers the freeholder of a county too remotely interested to be disqualified or perhaps better qualified because of his general

knowledge of county affairs. When we turn to the provisions of the charter of the city of New York relative to condemnation proceedings we find the qualifications of a commissioner to be there stated as follows: "Any ground of challenge which would disqualify a judge or juror shall be applicable to them." (§ 1004, Greater New Charter.) This is the whole point.

These words express exactly what I have been trying to reason regarding commissioners under our general statutes for land condemnation. They are disqualified when a judge or juror would be disqualified. They are disinterested and competent when a judge or juror is disinterested and competent.

Was Commissioner Collins in this proceeding disqualified by reason of being a taxpayer in the county of Orange? The answer depends upon the meaning we give to the word "disinterested" in the Highway Law and in the Condemnation Law. It must have the same meaning for the commissioner that it has for a judge or for a juror, and we, therefore, answer that he was not disqualified.

When we pause to consider the claims of the respondent in this case, the consequences of any other conclusion than that to which we have arrived might be very serious and disastrous. The respondent insists that not only was the commissioner disqualified but the disqualification was one which could not be waived (*Oakley* v. *Aspinwall*, 3 N. Y. 547), and that the proceedings were absolutely void. How many similar proceedings might be voided irrespective of lapse of time by a decision holding that a commissioner, freeholder in a city or county, was absolutely disqualified cannot be surmised. It is a reflection, however, which naturally arises when considering the meaning of the legislature in using the word "disinterested" as applicable to a judge, a juror or a commissioner. It must be, therefore, by reason, as well as by statute, that where the same question of fact could be tried before a judge, a jury or a commissioner, disqualification or

disinterestedness are alike for each. We, therefore, answer the questions certified to us as follows:

To the first question we answer that Edward J. Collins was not disqualified in this proceeding. The second and third questions need not be answered.

The order of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO and ELKUS, JJ., concur; POUND, J., concurs in result.

Order reversed, etc.