ADIRONDACK POWER AND LIGHT CORPORATION, Plaintiff, *v.* SARAH E. PRODGER and FRANK E. SHARPE, Defendants.

Supreme Court, Saratoga County, June (Received August, 1923).

**Eminent domain — disqualification of commissioner — commissioner acting as expert witness in another proceeding.**

Where a commissioner in a proceeding to acquire land to be used in the construction of an electrical transmission line becomes an expert witness as to value for the defendants in another similar proceeding instituted by plaintiff for the same purpose, the plaintiff's motion for the removal of the commissioner, upon the ground that he is not disinterested within the meaning of section 13 of the Condemnation Law, will be granted.

MOTION to remove commissioner in condemnation proceeding.

*Daniel F. Imrie,* for plaintiff.

*Horace E. McKnight* and *L. B. McKelvey,* for defendant.

WHITMYER, J.   A commissioner in the above-entitled proceeding, while acting as such, became and testified as an expert or value witness for the defendants in another similar proceeding, brought by plaintiff for the same purpose, namely the acquirement of lands to be used in the construction of an electrical transmission line from Spier Falls on the Hudson river to plaintiff's substation at Rotterdam in Schenectady county, and plaintiff is asking for his removal on the ground that he is not disinterested within the meaning of the law. The commissioner states that he was not conscious of any impropriety in doing what he did and that he is disinterested in every sense of the word.   In proceedings of this kind, the court is required to appoint disinterested and competent freeholders as commissioners, and that means a disinterestedness and competency like that of a juror or judge, without any interest in the matter in controversy, and free from prejudice or partiality.   Condemnation Law, § 13; 18 C. J., 1140; *County of Orange* v. *Storm King Stone Co.*, 229 N. Y. 460, 466.   And a rigid adherence to the rule is required.   *Matter of City of Rochester*, 208 N. Y. 188, 193.   In *Matter of Low*, 142 App. Div. 533, 536, the writer says: "A commissioner of appraisal acts in a judicial capacity.   A judicial officer must not only be free from partiality or bias which would affect his judgment, but he must appear above suspicion in respect thereto. It is of the highest importance that cases should be judged fairly. It is of almost equal importance that the reasonable litigant should feel that he has had a fair trial.   The confidence of the public in the judicial branch of the government cannot be too jealously guarded."   The two properties are several miles apart, but both are to be used in the formation of the same transmission line.   And, the commissioner testified solely as an expert on the value of the property involved in the other proceeding, while he was a commissioner to determine or to help to determine the value of the property involved in this one.   In addition, in qualifying himself as a witness, he conferred with another, who was acting as an expert on value in both proceedings and who had theretofore testified in this one.   I am sure that the commissioner had no thought of the possible inferences, but plaintiff's suspicions have been aroused, and, while his relations as a commissioner in this proceeding may not be affected by his relations as a witness in the other, it is the policy of the law not to leave the matter to chance.   *Matter of Low, supra*, 536.   Plaintiff is entitled to the order for which it asks.

Ordered accordingly.