RENSSELAER COUNTY AGRICULTURAL AND HORTICULTURAL SOCIETY, a Membership Corporation, Respondent, *v.* EDWARD C. WEATHERWAX and Another, Appellants, Impleaded with ALEXANDER DIVER, as Administrator, etc., of AUGUSTUS G. DOWNS, Deceased, Defendant.

Third Department, March 19, 1930.

*John P. Weatherwax* [*Alex. T. Selkirk* of counsel], for the appellants.

*H. P. Humphrey*, for the respondent.

WHITMYER, J. The grounds are lack of right or power to condemn, inadequacy of award, and bias of the commissioners.

The proceedings were instituted by petitioner, under section 201 of the Membership Corporations Law of 1926, to acquire ten and fifty-five one-hundredths acres of land, as necessary for its corporate purposes. The section provides that an agricultural or horticultural society may acquire real property, needed for its corporate purposes, by condemnation, upon proof of certain facts. Sufficient proof of those facts was made and petitioner may maintain the proceedings, unless the alteration or amendment of its certificate of incorporation on May 10, 1921, pursuant to section 194 of chapter 40 of the Laws of 1909, being the former Membership Corporations Law, as amended by chapter 71 of the Laws of 1920, for the issue of capital stock, had the effect of depriving it of its right to condemn. Section 194 permitted such a corporation to issue capital stock of not less than $5,000, but provided that it should, in that event, be subject to the Business Corporations Law, the Stock Corporation Law, and the General Corporation Law, and not to the provisions of then article 13 of the Membership Corporations Law in conflict therewith, nor to article 2 of such latter act. The Membership Corporations Law was amended, generally, by chapter 722 of the Laws of 1926, which was in effect when the proceedings were commenced and still is. Section 206 took the place of section 194 and provides that such a corporation, which has issued or shall hereafter issue capital stock, entitling the shareholders to dividends from the profits, shall be subject to the Stock Corporation Law and not to the provisions of the Membership Corporations Law. The record contains an extract from the minutes of the special meeting of the corporation, showing a resolution for the issuance of capital stock, and a certificate of the directors accordingly. There was no other proof on this question except that a witness, sworn by petitioner as to value, testified that he owned two shares of fair stock, without specifying. And there is no evidence that the stock entitled the holders to dividends from profits, if any. At any rate, section 4 of the amendatory act of 1926, as set forth in the session law format thereof, provides that the act shall not be deemed to abolish or to affect the corporate status of any legally existing corporation, but

that it is continued subject to the provisions of the act applicable thereto or to the provisions of such other law as may be applicable thereto. It seems clear that the right to condemn was not affected by the proceedings as to the stock.

The award for the lands and premises was the sum of $735, in addition to the growing rye and hay and the trees, berry bushes and grape vines, which the owners could remove on or before September 1, 1929. The farm consists of 223 acres on the northerly and southerly sides of a State road, in the town of Schaghticoke, Rensselaer county, N. Y. The land to be taken is part of twenty-five acres, adjacent to the fair grounds, on the southerly side. One witness for petitioner owning the two shares of fair stock, said that the value is $300, another $500, and another that he had offered $100 per acre for four acres in the same field. According to defendants, eight acres of rye, 110 fruit trees, five years old, and about 100 grape vines, three years old, are on the piece, and they said that they had sold other land there for $200 per acre. A witness said that the fruit trees are worth $500, plus $50 for the planting, and the grape vines $75. Another witness said that the land is worth $1,500, another $150 per acre, and another agreed to that estimate, exclusive of the trees and grape vines.

The award was for the land. The growing crops and the trees, berry bushes and grape vines were part of the land, but the right to remove them, on or before a specified time, was given along with the award. That right was additional to the award. Its exercise would involve expense and, to that extent, reduce the award. It may be that the commissioners thought that the growing things added little or nothing to the value of the land, but the evidence is that they had a substantial value, which, apparently, has not been considered. And, if considered and included, the award, under the evidence, is inadequate.

It is charged that the commissioners were not disinterested.

The law required the appointment of disinterested commissioners, namely, commissioners free from prejudice or partiality. (Condemnation Law, § 13; 18 C. J. 1140; *County of Orange* v. *Storm King Stone Co.*, 229 N. Y. 460, 466; *Adirondack Power & Light Corporation* v. *Prodger*, 121 Misc. 280.) They act in a judicial capacity and not only must be free from partiality or bias, which would affect their judgment, but must appear above suspicion in respect thereto. While it is of the highest importance that cases should be judged fairly, it is of almost equal importance that the reasonable litigant should feel that he has had a fair trial. (*Matter of Low*, 142 App. Div. 533, 536.) Affidavits were submitted and received on the motion to confirm. From those submitted by the

owners, it appears that the apparent relations of the commissioners with officials and witnesses of the petitioner, and their attitude during the course of the proceedings, aroused their suspicions and made them feel that they did not have the fair trial to which they were entitled. The commissioners claim that they were not affected in any way by improper considerations. We cannot say that the suspicions and feelings of the owners are unreasonable and think that the matter should be remitted to Special Term for hearing before other commissioners to be appointed.

HILL and HASBROUCK, JJ., concur; HINMAN, Acting P. J., votes for reversal and dismissal of the proceeding, with a memorandum; DAVIS, J., dissents and votes for affirmance.

HINMAN, Acting P. J. (dissenting). I conclude that the right of condemnation was taken away from the respondent (an agricultural society incorporated under the Membership Corporations Law) by an amendment of the Membership Corporations Law by chapter 722 of the Laws of 1926. The amendment appears in section 206 (formerly section.194) of the Membership Corporations Law.

Former section 194 (as amd. by Laws of 1920, chap. 71), prior to the amendment of 1926, provided: "An agricultural corporation incorporated under this chapter * * *, which has issued or shall hereafter issue capital stock * * *, shall be subject to the Business Corporations Law, the Stock Corporation Law and the General Corporation Law, and not to the provisions of this *article in conflict therewith*, nor to article two of this chapter." (Article 2 contained general provisions relating to membership corporations.) The provisions of then article 13 on agricultural societies which were not " in conflict " with the other laws remained in force, such as the right to condemnation. (§ 190, in part; now § 201.)

That was the status of the law when in 1921 this society decided to issue capital stock. When the Legislature changed section 194 to section 206, it amended it so as to provide that an agricultural society " which *has issued* or shall hereafter issue capital stock, entitling its shareholders to dividends from the profits of the corporation, *shall be subject to the Stock Corporation Law and not to the provisions of this chapter.*" Instead of the language " and not to the provisions of this *article in conflict therewith*," the language used is, " and not to the provisions of this *chapter.*" The Legislature clearly meant to take away from such a society which " has issued " capital stock, the right to operate under any of the provisions of " this chapter " (Memb. Corp. Law). That included the right

of condemnation; whereas under former section 194, the right of condemnation was not taken away because it was not a provision of that "article" in conflict with the Business Corporations Law, the Stock Corporation Law, or the General Corporation Law. The departure from former section 194 to new section 206 was such as to clearly indicate the change intended, and this sweeping departure was just as clearly made to apply to the society which "has issued" as it was to the society which "shall hereafter issue capital stock." I cannot see how there can be the slightest question about the intent of section 206.

It is said, however, that the legislative intent to take away this right to condemnation does not appear for the reason that chapter 722 of the Laws of 1926 contains a saving clause (§ 4) which provides: "This act shall not be deemed to abolish any corporation *now legally existing* or to affect the corporate status of any *such* corporation, but every *such* corporation is continued subject to the provisions of this act applicable thereto *or* to the provisions of such other law as may be applicable thereto."

I give no such effect to the provisions of such saving clause. Chapter 722 of the Laws of 1926 was a general revision of the whole Membership Corporations Law, and section 4 applied to the whole amendatory act. It seems to me that section 4 cannot be deemed to nullify the clearly expressed intent of new section 206. If any other meaning can be given to section 4, that meaning must be adopted. The two sections must be construed together and so far as possible they must be harmonized. So construed the meaning of section 4 is clear. It merely preserves the corporate status of such corporations legally existing at the time but subject, however, "to the provisions of this act applicable thereto *or* to the provisions of such other law as may be applicable thereto." It is stated in the alternative. The disjunctive "or" is significant and leaves the section in perfect harmony with section 206. Moreover, I see a grave question of constitutionality involved, if we are to hold that agricultural societies existing at the time of the amendment of 1926 are to be allowed to continue to condemn even if they subsequently issue capital stock, but societies thereafter incorporated may not do so if they issue such stock. We should not attribute such an arbitrary and discriminatory intention to the Legislature unless the language clearly requires it.

I vote to reverse the order and to dismiss the proceeding on the ground that the plaintiff has no power to condemn.

Final order reversed on the law and facts, and matter remitted to Special Term for a hearing before new commissioners to be appointed, with costs to appellants to abide the event.